YOU GOO HO, ALSO KNOWN AS MRS. HO TI YUEN,
*v.* SAMUEL L. YEE AND EDMUND T. K. ING.

No. 4021.

ARGUED NOVEMBER 18 AND 22, 1957.          DECIDED NOVEMBER 26, 1957.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

*Per Curiam.* Plaintiff filed a complaint against two surgeons, Dr. Samuel L. Yee and Dr. Edmund T. K. Ing, for alleged malpractice. The case was tried before a jury and the jury returned a verdict in favor of Dr. Yee and against plaintiff, insofar as it concerned Dr. Yee, and against Dr. Ing and in favor of plaintiff, insofar as it concerned Dr. Ing.

On October 17, 1956, the trial court entered a judgment in favor of Dr. Yee and against plaintiff. This judgment was entered upon an express determination that there was no just reason for delay and an express direction for its entry.

On November 8, 1956, the trial court entered another judgment. This judgment disposed of the case not only as it affected Dr. Yee but also as it affected Dr. Ing.

Plaintiff appealed on December 8, 1956, from that portion of the November 8 judgment which was in favor of Dr. Yee. She did not appeal from the October 17 judgment.

Dr. Yee moves to dismiss the appeal on the ground that it is not timely. Dr. Yee takes the position that plaintiff should have appealed from the October 17 judgment. Plaintiff resists the motion on the ground that the November 8 judgment is the only appealable judgment in this case.

Section 73 (a) of Hawaii Rules of Civil Procedure requires that appeal be taken within 30 days after the entry

of the judgment appealed from. Compliance with this requirement is jurisdictional. (*Behr* v. *Mine Safety Appliances Company*, 233 F. [2d] 371; *Kahler-Ellis Company* v. *Ohio Turnpike Commission*, 225 F. [2d] 922; *Waddell* v. *Chicago Land Clearance Commission*, 206 F. [2d] 748; *Agostino* v. *Ellamar Packing Co.*, 191 F. [2d] 576)

Our decision on the motion depends upon whether plaintiff's case against Dr. Yee and Dr. Ing involves a single claim or multiple claims. If the case involves a single claim, then the October 17 judgment did not completely adjudicate the single claim and the November 8 judgment is the only appealable judgment. But if the case involves multiple claims, that is, a claim against Dr. Yee and another claim against Dr. Ing, the October 17 judgment completely adjudicated the claim against Dr. Yee and the appeal, insofar as it concerns the claim against Dr. Yee, must be from the October 17 judgment.

The case was treated by the court and all of the parties at the trial as one involving a question of joint and several liability.

With a single exception, the Federal courts of appeal are unanimous in holding that cases in which multiple parties are charged with joint and several liability involve multiple claims and therefore are subject to the provisions of rule 54 (b). (*Pang-Tsu-Mow* v. *Republic of China*, 225 F. [2d] 543; *Rao* v. *Port of New York Authority*, 222 F. [2d] 362; *United Artists Corporation* v. *Masterpiece Productions*, 221 F. [2d] 213; *Williams* v. *Protestant Episcopal Theological Seminary*, 198 F. [2d] 595; *Boston Medical Society* v. *Lea & Febiger*, 195 F. [2d] 853; *Lopinsky* v. *Hertz Drive-Ur-Self Systems*, 194 F. [2d] 422; *Vale* v. *Bonnett*, 191 F. [2d] 334; *Roberts* v. *American Newspaper Guild*, 188 F. [2d] 650)

The single exception is the holding in *Steiner* v. *20th*

*Century-Fox Film Corporation*, 220 F. (2d) 105. Judge Clark comments on this holding, in *United Artists Corporation* v. *Masterpiece Productions, supra,* as follows: "The unanimity of opinion just indicated appears now to be broken by a late decision of a Ninth Circuit panel holding the rule inapplicable to a *single* 'claim' against *multiple* parties to a conspiracy. Steiner v. 20th Century-Fox Film Corp., 9 Cir., 220 F. 2d 105. This means that allegations of liability in damages against individual tort-feasors of course severally liable constitute but a single indivisible claim to the exclusion of this rule. We think this altogether too strict a reading of a salutary and effective rule whose over-all validity seems now well established. * * * Hence we conclude that a case like this one involving a number of tort-feasors who are jointly and severally liable concerns multiple claims so as to come within F. R. 54 (b)."

It may be noted that Judge Clark has been not only a member, but also a reporter, of the Advisory Committee of the Supreme Court of the United States on Rules for Civil Procedure since the committee was first appointed in June 1935. As such, he is thoroughly familiar with the history and purpose of rule 54 (b). In the Advisory Committee's note to the 1948 amendment to the Federal rules, the purpose of rule 54 (b) is stated as follows: "Rule 54 (b) was originally adopted in view of the wide scope and possible content of the newly created 'civil action' in order to avoid the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of the entire case."

The question as to whether a case in which multiple parties are charged with joint and several liability involves mutiple claims or a single claim is not absolutely clear cut, as evidenced by the holding in *Steiner* v. *20th Century-Fox Film Corporation.* That holding is in line

with the opinion expressed in Moore's Federal Practice, 2d Ed. § 54.34 (2).

We agree with the majority of the Federal courts of appeal and hold that the instant case involves multiple claims. Such holding is in consonance with the purpose of rule 54 (b).

Of interest in connection with the question raised by the motion are the May 1954 and October 1955 reports of the Advisory Committee of the Supreme Court of the United States.

In its May 1954 report, the Committee reported on rule 54 (b) as follows:

"The Committee has considered scholarly suggestions that the rule as it now stands may not permit appeal, even with the requisite finding by the trial judge, from an order dismissing an action as to less than all the parties claimed to be jointly suing or being sued, and that an amendment should be made to permit appeal in such a situation. * * * The cases, however, have held that such a judgment is in fact final and appealable where the trial judge has actually made the requisite finding. * * * The cases where the trial judge has failed to make the finding are of course not inconsistent.

"Since the courts are already reaching the result conceded by all to be desirable, the Committee has proposed no amendment to this rule."

In its October 1955 report, prepared after the decision in *Steiner* v. *20th Century-Fox Film Corporation,* the committee recommended the following amendment to rule 54 (b):

"(b) JUDGMENT UPON MULTIPLE CLAIMS *OR INVOLVING MULTIPLE PARTIES.* When more than one *multiple* claims for relief *or multiple parties are involved* is presented in an action, whether

~~as a claim, counterclaim, cross claim, or third party claim,~~ the court may direct the entry of a final judgment~~upon~~ *as to* one or more but ~~less~~ *fewer* than all of the claims *or parties* only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims *or the rights and liabilities of less than all the parties* shall not terminate the action as to any of the claims *or parties,* and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims *and the rights and liabilities of all the parties."*

In support of the recommendation, it reported as follows:

"A recent decision which faces this question squarely has held, contrary to the cases last cited, that such a judgment is not appealable even where the trial judge has made the requisite finding of no just reason for delay. *Steiner* v. *20th Century-Fox Film Corp.,* 220 F. 2d 105 (9th Cir. 1955). Since such an important question should not be left in doubt, the Committee therefore now proposes an amendment stating explicitly that Rule 54 (b) applies to multiple parties as well as to multiple claims. The amended Rule is based generally on § 50 (a) of the proposed new Illinois Civil Practice Act."

Motion granted.

*J. Garner Anthony* (*Robertson, Castle & Anthony*) for appellee *Samuel L. Yee,* for the motion.

*Earl S. Robinson* (*Fong, Miho, Choy & Chuck*) for *You Goo Ho,* aka *Mrs. Ho Ti Yuen,* plaintiff-appellant, contra.