■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL LEON TUCKER, Appellant.— Judgment unanimously modified by reversing the conviction of sexual misconduct and dismissing that count of indictment, and otherwise judgment affirmed. Memorandum: Appellant was indicted on charges of rape in the first degree, sexual abuse in the first degree and sexual misconduct. Following a jury trial, he was acquitted of the rape charge and convicted of the other two. Since there was no testimony relative to the age of the complainant, except on cross-examination when she stated that she was 16 years old, and no corroboration of this statement in the People's case, the conviction of sexual misconduct must be reversed. Appellant contends that since he was acquitted of rape, first degree, and convicted of sexual abuse, first degree, and sexual misconduct, the verdict is inconsistent and repugnant and must fall. The court adequately explained the differentiation between rape and sexual abuse to the jury. The latter charge involves the requirement of proof of sexual contact but does not include as an essential element proof of sexual intercourse as is true of rape. *People v. Delorio* (33 A D 2d 350) effectively disposes of the appellant's argument that the verdicts of guilty of sexual abuse and not guilty of rape are inconsistent. The court there stated (p. 353) : " The two counts in the indictment did not have identical elements, so that a finding of guilty on one but not on the other would not be truly repugnant, as opposed to being merely inconsistent ". We stated the rule in *People v. Bullis* (30 A D 2d 470, 472) which is applicable here as to the conviction of sexual misconduct: " When the indictment charges two crimes, each of which has identical elements, a finding of guilty on one but not on the other is truly repugnant, as opposed to being merely inconsistent." The elements of rape in the first degree charged here are identical with those of sexual misconduct, and the finding of not guilty on the rape charge is repugnant to the verdict of guilty of sexual misconduct. The judgment of conviction should be modified by reversing the conviction of sexual misconduct and the judgment of conviction of sexual abuse should be affirmed. (Appeal from judgment of Niagara County Court convicting defendant of sexual abuse, first degree and sexual misconduct.) Present — Marsh, P. J., Witmer, Simons, Mahoney and Goldman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN CARTER, Appellant.— Judgment insofar as it imposes sentence unanimously modified in the interest of justice as a matter of discretion in accordance with memorandum and otherwise judgment affirmed. Memorandum: Defendant was found guilty by a jury of robbery in the first degree in violation of section 160.15 of the Penal Law and a judgment of conviction was entered against him in Erie County Court on September 4, 1973. He was sentenced to serve an indeterminate term of imprisonment having a maximum duration of 25 years. This is an appeal from that conviction and from the sentence imposed by the court. We find no error in defendant's conviction but conclude that the sentence imposed was excessive. The probation report before the court at sentencing shows that defendant was then 21 years of age and had an I.Q. of only 59. He completed the ninth grade at a vocational high school in a class for special students. He did not learn a trade in school and his employment record has been poor. He is in need of vocational training. The crime for which defendant stands convicted, although a serious one, involved no injury and a relatively small amount of money. Considering all these circumstances, we reduce the maximum term of the sentence imposed to 12 years (*People v. Sanok*, 43 A D 2d 891; *People v. Gittelson*, 25 A D 2d 265). (Appeal from judgment of Erie County Court convicting defendant of robbery, first degree.) Present — Marsh, P. J., Moule, Cardamone, Mahoney and Del Vecchio, JJ.