■ BARBARA CURRAN, an Infant, by Her Mother, DOROTHY CURRAN, et al., Respondents, v CITY OF ROCHESTER et al., Appellants.—Order unanimously affirmed, with costs. Memorandum: On March 7, 1974 the infant plaintiff recovered a $550,000 jury verdict for personal injuries. Defendants' motion to set aside the verdict was denied on all grounds except excessiveness. The trial court granted the motion by a "Decision and Order" dated October 21, 1974 unless the infant plaintiff stipulate to accept a verdict of $350,000. On October 25, 1974 plaintiff filed a written stipulation accepting the reduced verdict and on October 28, 1974 plaintiff entered a judgment reciting the court's disposition of the motion to set aside the verdict and its stipulation to enter judgment for $350,000 plus costs. There was some confusion between the parties over the necessity of entering a formal order on the Trial Justice's decision and whether an amended judgment would be required if such an order was obtained. Plaintiff did obtain a formal order dated November 4, 1974 on the motion to set aside the verdict and filed it but refused to file an amended judgment. No appeal has been taken from the "Decision and Order" of October 21, 1974, the judgment of October 28, 1974 or from the order of November 4, 1974. On January 22, 1975 the city moved to set aside the October 28 judgment, claiming that the judgment was obtained by the misrepresentations of plaintiff's attorney and that it contained irregularities affecting substantial rights of the parties (CPLR 5015, 5019). The trial court denied the application, and defendants appeal from that denial, claiming that the trial court abused its discretion. The misrepresentation of plaintiff's counsel complained of is stated in a letter of November 8, 1974 which transmitted a copy of the formal order reducing the verdict. In the letter, counsel stated: "I suppose technically in view of his [the Trial Justice's] Order that I should file an amended Judgment which would reflect the fact of his Order prior to the entry of Judgment. However, since all the pertinent facts and recitals are contained in the Judgment, it would seem to me that it would be of no real value to file an amended Judgment since it would be identical to the Judgment with the exception that it does not recite the Order. However, rather than prejudice my Clients, I shall be most happy to file an amended Judgment and Bill of Costs if you will not agree and stipulate that the Judgment as filed is in full force and effect." Defendant waited until November 21 before acknowledging this letter and then directed plaintiff to file an amended judgment. The 30-day period to appeal is statutory (CPLR 5513, subd [a]) and jurisdictional *(Matter of Haverstraw Park v Runcible Props. Corp.,* 33 NY2d 637) and may not be waived by stipulation of the parties *(Ocean Acc. & Guar. Corp. v Otis Elevator Co.,* 291 NY 254). The judgment was not procured by fraud or misrepresentation. Appellants should have filed a notice of appeal to protect their rights and were not justified in relying upon this correspondence to extend the statutory time limitations. Furthermore, plaintiff's failure to

obtain a formal order was an irregularity which did not affect a substantial right of the parties. The judgment of October 28, 1974 expressed the final disposition of the litigation and the court's ruling on the motion to set aside the verdict. An amended judgment could do no more. While the trial court had the power to vacate the judgment and require a new judgment, thereby recycling appellants' time to appeal, it did not abuse its discretion in failing to do so, considering appellant's unjustified reliance upon plaintiffs to correct the record and their delay in seeking relief. (Appeal from order of Monroe Supreme Court, in negligence action.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Witmer, JJ.