**STATE OF HAWAII**, Plaintiff-Appellee, *v.* **HARUMI YOSHIMOTO**, Defendant-Appellant

NO. 7621

CRIMINAL NO. 5488

OCTOBER 28, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM, NAKAMURA, JJ.

*Per curiam.* Defendant-appellant Harumi Yoshimoto was acquitted by a jury of rape in the first degree, HRS § 707-730(1)(a), and sodomy in the first degree, HRS § 707-733(1)(a), but at the same

time, he was convicted of the lesser-included offense of sexual abuse in the first degree. Defendant subsequently moved for judgment of acquittal on the grounds that the jury's verdict was fatally inconsistent and that there was insufficient evidence to support the conviction. The trial court denied the motion, and we now affirm.

HRS § 701-109(4) (1976) permits conviction of a lesser-included offense where, *inter alia,* it is proven by the same or fewer facts than are required to establish the principal offense, or where it differs from the offense charged only in that a lesser degree of injury, risk of injury, or state of mind is necessary to establish its commission.

By definition, sexual abuse is a lesser-included offense of rape and sodomy.[1] The principal distinction between sexual abuse and the other two crimes is that the underlying conduct of the former is "sexual contact," while rape and sodomy require a showing of "sexual intercourse" and "deviate sexual intercourse," respectively.

HRS § 707-700 (1976) defines "sexual contact" as "any *touching* of the sexual or other intimate parts of a person not married to the actor, done with the intent of gratifying the sexual desire of either party" (emphasis supplied). "Sexual intercourse," on the other hand, requires the act of coitus involving penetration, and "deviate sexual intercourse" is the act of sexual gratification involving, *inter alia,* the genitals of one person and the mouth or anus of another.

Defendant maintains that the jury's verdict was predicated on inconsistent findings of fact. He claims that the jury could not acquit him of rape and sodomy, and yet find him guilty of sexual abuse, where the complaining witness' allegations of sexual intercourse and deviate sexual intercourse constituted the only evidence of sexual contact.

Defendant's argument is spurious, ignoring the fact that the jury may not have found sufficient evidence of penetration or of deviate sexual intercourse, and yet have been convinced by the evidence that appellant had succeeded in forcibly "touching" the complaining witness' sexual or other intimate parts with the intent of obtaining sexual gratification without her consent. *See, e.g., People v. Crandall,* 53 A.D.2d 956, 386 N.Y.S.2d 108 (1976); *People v. Tucker,* 47 A.D.2d 583, 363 N.Y.S.2d 180 (1975). The complaining witness testified

---

[1] By agreement an instruction to this effect was submitted to the jury by the court.

that defendant verbally and physically threatened her, engaged in oral sexual intercourse with her, and subsequently pinned her down and proceeded to engage in sexual intercourse with her. Defendant admitted to having engaged in oral sex with her, but testified that she resisted and pushed him off before he was able to have sexual intercourse with her.

The jury, charged with the responsibility of weighing the evidence and assessing the credibility of the witnesses, was not required to accept as true defendant's or the complaining witness' complete testimony regarding the events that transpired. *State v. Brighter,* 62 Haw. 25, 32, 608 P.2d 855, 860 (1980). It is not this court's function to second-guess the jury's reasons for its decision, where there is substantial evidence in the record to support its conclusion. *State v. Summers,* 62 Haw. 325, 332, 614 P.2d 925, 930 (1980); *State v. Hernandez,* 61 Haw. 475, 477, 605 P.2d 75, 77 (1980); *State v. Hopkins,* 60 Haw. 540, 542, 592 P.2d 810, 811 (1979).

We find no error by the trial court in denying defendant's motion for judgment of acquittal. In passing on a motion for judgment of acquittal, the trial court must determine, upon the evidence viewed in a light most favorable to the government and in full recognition of the province of the jury, whether a reasonable mind may fairly conclude guilt beyond a reasonable doubt. *State v. Brighter, supra* at 31, 608 P.2d at 859; *State v. Murphy,* 59 Haw. 1, 19, 575 P.2d 448, 460 (1978); *State v. Rocker,* 52 Haw. 336, 346, 475 P.2d 684, 690 (1970).

We have carefully reviewed the record and are satisfied that there was substantial evidence from which a jury could have found defendant guilty of sexual abuse in the first degree. Accordingly, the trial court's denial of defendant's motion for judgment of acquittal is affirmed.

*Nelson Christensen* on the brief for defendant-appellant.

*John E. Tam,* Deputy Prosecuting Attorney, County of Maui, on the brief for plaintiff-appellee.