WAIANAE COAST NEIGHBORHOOD BOARD; NANAKULI HAWAIIAN HOMESTEADERS ASSOCIATION, INC., a Hawaii non-profit corporation; LIFE OF THE LAND, a Hawaii non-profit corporation; PETER APO; and ROSE L. JACKMAN, Plaintiffs-Appellants, *v.* HAWAIIAN ELECTRIC COMPANY, INC., a Hawaii corporation; DEPARTMENT OF LAND UTILIZATION; GEORGE S. MORIGUCHI; CITY COUNCIL FOR THE CITY AND COUNTY OF HONOLULU; and MARILYN BORNHORST, Defendants-Appellees

NO. 6917

CIVIL NO. 40481

DECEMBER 17, 1981

RICHARDSON, C.J., OGATA, LUM, NAKAMURA, JJ.,
AND RETIRED JUSTICE MARUMOTO ASSIGNED
IN PLACE OF MENOR, J., EXCUSED

*Per Curiam.* Plaintiffs-Appellants, Waianae Coast Neighborhood Board, Nanakuli Hawaiian Homesteaders Association, Inc., a Hawaii non-profit corporation, Life of the Land, a Hawaii non-profit corporation, Peter Apo, and Rose Jackman (hereinafter referred to as "Appellants"), have appealed from the Order Granting Summary Judgment and Final Judgment dated December 15, 1977, made and entered against them by the First Circuit Court, and in favor of Defendants-Appellees Hawaiian Electric Company, Inc., Department of Land Utilization, George S. Moriguchi, City Council for the City and County of Honolulu, and Marilyn Bornhorst (hereinafter referred to as "Appellees").

Upon the basis of the record submitted to us, we affirm.

A careful analysis of the record reveals that on February 14, 1977, the Appellee Hawaiian Electric Company filed with the Appellee Department of Land Utilization of the City and County of Honolulu (hereinafter referred to as "DLU") a Request for an Assessment with reference to a permit for the proposed addition of a sixth generating unit at Kahe, Oahu, pursuant to HRS § 205A-28 (1975 Supp.), and Ordinance No. 4529, as amended, of the City and County of Honolulu. It was known at that time that this sixth generating plant (hereinafter referred to as "Kahe 6"), which has since been completed and is now operational, would be constructed within a coastal zone management area as defined in HRS Ch. 205A and in Ordinance No. 4529, as amended. However, the construction of Kahe 6 did not involve the use of any State or County lands or funds or the use of any land described in HRS § 343-4(a)2 (1975 Supp.). In fact, no construction work was required to be done within the shoreline area or in the ocean waters offshore by the addition of Kahe 6. Subsequently, DLU's Negative Declaration was issued. It was dated March 18, 1977, and filed with the Environmental Quality Commission (hereinafter referred to as "EQC") on March 22, 1977. Thereafter it was filed with the City Council on May 17, 1977. Notice of the Negative Declaration was published for public information in the EQC bulletin on April 8, 1977.

The complaint and notice of appeal appealing the DLU's Negative Declaration to the Circuit Court was filed on October 21, 1977.

Section 343-1 of HRS Chapter 343, relating to "Environmental Quality Commission and Environmental Impact Statements," contains the definitions of the terms used therein. That section states:

§ 343-1 *Definitions.* As used in this chapter unless the context otherwise requires:

(1) "Acceptance" means a formal determination by an agency, the governor of the State, or the mayor of a county, that the document required to be filed pursuant to section 343-4 fulfills the definition of an environmental impact statement, adequately describes identifiable environmental impacts, and satisfactorily responds to comments received during the review of the statement.

(2) "Action" means any program or project to be initiated by any agency or applicant.

(3) "Agency" means any department, office or board or commission of the State or county government which is a part of the executive branch of that government.

(4) "Applicant" means any person that, pursuant to statute, ordinance, rule, or regulation, officially requests approval for a proposed action.

(5) "Commission" means the environmental quality commission.

(6) "Environmental impact statement" or "statement" means an informational document prepared in compliance with applicable rules and regulations promulgated under section 343-5 and which discloses the environmental effects of a proposed action, effects of a proposed action on the economic and social welfare of the community and State, effects of the economic activities arising out of the proposed action, measures proposed to minimize adverse effects, and alternatives to the action and their environmental effects.

(7) "Person" includes any individual, partnership, firm, association, trust, estate, private corporation, or other legal entity other than agencies.

(8) "Significant effect" means the sum of those effects that affect the quality of the environment, including actions that irrevocably commit a natural resource, curtail the range of beneficial uses of the environment, are contrary to the State's environmental policies or long-term environmental goals as established by law, or adversely affect the economic or social welfare.

HRS § 343-6, contains language in paragraph (b) that no judicial proceeding shall be initiated with respect to whether an environmental impact statement is or is not required for a proposed action after the expiration of sixty days after the public has been informed of the Negative Declaration. Section 343-6 states in sub-paragraph (b) as follows:

(b) Any judicial proceeding, the subject of which is the determination that a statement is or is not required for a proposed action, shall be initiated within sixty days after the public has been informed of such determination pursuant to section 343-2.

The second paragraph of section 343-2 further requires: "The commission shall inform the public of notices filed by agencies of

determinations that statements are required or not required, of the availability of statements for review and comments, and of the acceptance or non-acceptance of statements. The commission shall inform the public by the publication of a periodic bulletin to be available to persons requesting this information through its office and through public libraries."

Since this judicial proceeding was not commenced until October 21, 1977, a period in excess of sixty days, we must conclude that this court is not entitled to maintain jurisdiction for the purpose of determining the merits of this subject matter. In *Ho v. Yee,* 42 Haw. 228, 229 (1957), we held therein that the time requirement of section 73(a) of the Hawaii Rules of Civil Procedure which requires that an appeal be taken within 30 days after entry of judgment was jurisdictional. Similarly, we hold compliance with section 343-6(b) is likewise mandatory and jurisdictional. *Curran v. City of Rochester,* 50 App. Div.2d 1059, 376 N.Y.S.2d 284 (1975); *Ho v. Yee, supra.*

The record moreover shows that counsel for Appellants had actual knowledge of DLU's Negative Declaration as early as May 2, 1977, and no reason is suggested why appellants waited until October 21, 1977 to seek judicial review, especially when there was nothing in Section 13 of Ordinance 4529[1] authorizing the tolling of the time fixed by statute.

Affirmed.

*John F. Schweigert (Lawrence D. McCreery* and *Walter Zulkoski* with him on the briefs) for plaintiffs-appellants.

*Hugh Shearer (David L. Fairbanks* with him on the brief, *Goodsill Anderson & Quinn* of counsel) for defendant-appellee, Hawaiian Electric Co., Ltd.

---

[1] HRS § 205A-31 was in fact repealed by the legislature by Act 200 in 1979, but by virtue of HRS § 1-11, the subsequent repeal of HRS § 205A-31 has no affect on the instant case. *See* In re Robinson, 49 Haw. 429, 421 P.2d 570 (1966); HRS § 1-3.