STATE OF HAWAII, Plaintiff-Appellee, *v.* PETER L. BAILEY, Defendant, and FRANCIS TALO, Defendant-Appellant

NO. 8106

(CRIMINAL NO. 52830)

JULY 16, 1982

RICHARDSON, C.J., LUM, NAKAMURA, PADGETT, JJ., AND RETIRED ASSOCIATE JUSTICE MENOR IN PLACE OF ASSOCIATE JUSTICE HAYASHI, DISQUALIFIED

*Per Curiam.* Defendant-Appellant Francis Talo appeals his jury conviction for murder. At the outset, we note several glaring deficiencies in appellant's opening brief. Appellant has cited Rules 72 and 73 of the Hawaii Rules of Civil Procedure as a basis for jurisdiction although this is an appeal from a criminal conviction. We also note that appellant has filed his notice of appeal three days outside the ten-day period set forth under Rule 37(c), Hawaii Rules of Penal Procedure. Had this been a civil appeal, the appropriate sanction would be a dismissal. However, for the reasons set forth by our Intermediate Court of Appeals in *State v. Allen,* 2 Haw. App. 606, 638 P.2d 338 (1981), we assume jurisdiction.

Appellant's brief raises two issues on appeal. First, that the trial court erred in denying his motion for a judgment of acquittal where the evidence to prove complicity was speculative and insufficient, and second, that the trial court erred in denying his motion to dismiss on the ground of double jeopardy. Upon a review of the record before us, we find both contentions to be without merit and accordingly, affirm.

With respect to the first contention, it is a well-settled rule that in passing on a motion for a judgment of acquittal, the trial court must determine, upon the evidence viewed in the light most favorable to the government and in full recognition of the province of the jury, whether a reasonable mind might fairly conclude guilt beyond a reasonable doubt. *State v. Yoshimoto,* 64 Haw. 1, 635 P.2d 560 (1981); *State v. Brighter,* 62 Haw. 25, 608 P.2d 855 (1980). The rule requires the trial court judge, either upon a motion of a defendant or on its own motion, to enter a judgment of acquittal if at the end of the prosecution's case there is insufficient evidence to support a *prima facie* case. *State v. Broad,* 61 Haw. 187, 600 P.2d 1379 (1979). Here, there was ample evidence from which a jury could have found appellant guilty as an accomplice in the murder of Carol Olandy.

Witness Kim Okudara testified that on April 29, 1979, at approximately 11:30 a.m., she, along with appellant and codefendant Peter Bailey parked next to a maroon Z-28 Chevrolet Camaro in the Pearl City Shopping Center parking lot. It was stated that Bailey and appellant were looking for a car they could steal and planned to get rid of the driver until they finished a job so that the car would not be reported as missing. When the driver, Carol

Olandy, returned to her car, Bailey started a conversation with her and asked her if she wanted to smoke some marijuana with them. Olandy agreed and Bailey accompanied her while they drove to a more isolated spot of the parking lot while Okudara and appellant followed. Okudara stated that after they were parked, she heard a click which she identified as the cocking of a gun. Bailey then told appellant and Okudara to follow them. After proceeding for about five minutes on Kamehameha Highway and into a Waipahu residential area, Bailey signaled Okudara to pull over. Appellant then got into the car occupied by Bailey and Olandy. Okudara then followed them up Kunia Road but pulled off to use the restroom at the golf course nearby while Bailey, appellant and Olandy drove into the pineapple fields. Okudara stated that she remained at the restroom for about ten minutes until she saw the car coming out of the fields. Okudara subsequently returned home alone. At approximately 1:45 that afternoon, Bailey visited Okudara at her home in the maroon Z-28 and left shortly thereafter.

At approximately 2:00 p.m., the Fort Ruger Market was robbed by appellant. Witnesses identified the maroon Z-28 as the getaway car. Appellant, Bailey and two other occupants were subsequently arrested at about 2:30 p.m. in the maroon Z-28 for the robbery of the Fort Ruger Market. An immediate investigation after the arrest revealed that Carol Olandy was missing. A search ensued and on May 2, 1979, Olandy's body was found in a gulch in the Kunia fields with seven bullet wounds.

Detective Jeffrey Yamashita testified that the area in which Olandy's body was found was covered with very fine brown red dirt. The prior testimony of witness Janelle Popovich which was read into the record stated that she saw appellant and Bailey arrive home at approximately 12:30 on the afternoon of April 29th in a maroon Z-28. Both appellant and Bailey washed their feet and hands because they were covered with fine red dirt. Bailey told Popovich he had to kill someone to get the car.

We conclude that, in light of the evidence adduced at trial, the trial court properly denied appellant's motion for a judgment of acquittal. The evidence presented was sufficient enough for a jury to conclude beyond a reasonable doubt that appellant was present at the scene of the crime with the conscious object of promoting or

facilitating the murder of Carol Olandy.[1]

With respect to appellant's contention that the trial court should have granted appellant's motion to dismiss on the basis that two previous mistrials placed appellant in double jeopardy, we follow our holding in *State v. Moriwake,* 65 Haw. 47, 647 P.2d 705 (1982). The two mistrials in question arose because the previously impaneled juries were unable to reach a verdict. This situation is specifically addressed under HRS § 701-110(4)(b)(iv) as a termination which does not constitute a bar to a retrial. The record before us does not indicate that appellant was in any way subjected to undue harassment or oppression in being tried for the third time. *Compare, Preston v. Blackledge,* 332 F. Supp. 681 (E.D.N.C. 1971). Therefore, we see no constitutional bar to the third trial. *State v. Moriwake, supra.*

However, as that case held, the court below had inherent power to grant or deny the motion to dismiss as a matter of discretion. Under the circumstances of this case, we see no abuse of discretion in the trial court's denial of appellant's motion to dismiss because of the two earlier trials and resulting mistrials.

Affirmed.

*Mal Gillin* for appellant.

*Vicente F. Aquino,* Deputy Prosecuting Attorney, for appellee.

---

[1] At oral argument, appellant's counsel raised the contention that appellant's Sixteenth Amendment right of confrontation was violated by the use of the prior testimony of Janelle Popovich. That contention was not raised in his Statement of Points Relied On nor argued in the brief. Moreover, in the circumstances, it is utterly without merit. *State v. Kim,* 55 Haw. 346, 519 P.2d 1241 (1974).