STATE OF HAWAII, Plaintiff-Appellant, *v.* MICHAEL P. BRANDI-MART, aka MICHAEL BRANDIMART, aka MICHAEL PHELIX BRANDIMART, Defendant-Appellee

NO. 10841

(POLICE REPORT NO. C-19703)

JUNE 16, 1986

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ

OPINION OF THE COURT BY WAKATSUKI, J

The State appeals the order granting the defendant's motion to suppress and the order denying the State's motion for reconsideration.

The dispositive issue is whether the thirty (30) day requirement for filing a notice of appeal is tolled by the State's motion for reconsideration. We answer in the negative.

I.

Defendant-appellee Michael P. Brandimart was arrested and charged with committing the offense of Promoting Detrimental Drugs in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 712-1248 (1976). Defendant filed a motion to suppress evidence and asserted that the affidavit in support of the issuance of the search warrant failed to show probable cause. By a written decision filed on July 16, 1985, the trial court granted defendant's motion and all the evidence seized pursuant to the search warrant was ordered suppressed.

On July 26, 1985 the State filed a motion for reconsideration of the order granting the motion to suppress evidence. The trial court orally denied the motion on August 8, 1985, but no written order by the court was filed. The State filed its notice of appeal on August 19, 1985

II.

A court always has jurisdiction to determine whether it has jurisdiction over a particular case. *See In re National Labor Relations Board*, 304 U.S. 486, 58 S. Ct. 1001, 82 L. Ed. 1482 (1938); *State v. Johnston*, 63 Haw. 9, 619 P.2d 1076 (1980). However, the court may not be able to maintain jurisdiction for the purpose of determining the merits of the case. *Waianae Coast Neighborhood Board v. Hawaiian Electric Co.*, 64 Haw. 126, 637 P.2d 776 (1981). Rule 4(b) of Hawaii Rules of Appellate Procedure (HRAP) requires an appeal to be taken within thirty (30) days after the entry of the judgment or order appealed from.[1] We hold

---

[1]Hawaii Rules of Appellate Procedure (further amended October 22, 1985)·
Rule 4. APPEALS - WHEN TAKEN
(b) Appeals in Criminal Cases.

In a criminal case, whether the appeal is one of right or is an interlocutory appeal, the notice of appeal by a defendant shall be filed in the circuit or district court within 30 days after the entry of the judgment or order appealed from . A judgment or order is entered within the meaning of this subdivision when it is filed with the clerk of the court.

that compliance with the requirement of the timely filing of a notice of appeal is jurisdictional. *See State v. Erwin,* 57 Haw. 268, 554 P.2d 236 (1976); *State v. Dawson,* 54 Haw. 400, 507 P.2d 723 (1973); *but see State v. Bailey,* 65 Haw. 129, 648 P.2d 192 (1982); *State v. Allen,* 2 Haw. App. 606, 638 P.2d 338 (1981), *cert. denied,* 64 Haw. 689, 638 P.2d 338 (1981).

The order granting the motion to suppress evidence was filed on July 16, 1985, therefore, the notice of appeal should have been filed no later than August 15, 1985, unless the motion for reconsideration tolls the time for filing the notice of appeal. The State filed its motion for reconsideration pursuant to Hawaii Rules of Penal Procedure (HRPP), Rule 47. Rule 47 of HRPP is silent as to any tolling of time for filing a notice of appeal. Under Rule 4(b) of HRAP, only a timely motion in arrest of judgment or for a new trial is a tolling motion.

In *State v. Ortiz,* the intermediate court of appeals held that "the State's motion for reconsideration filed within 30 days after a final judgment or appropriate order terminated the running of the time for appeal and a new 30-day period for taking an appeal began to run upon entry of the order denying the motion for reconsideration." 4 Haw. App. 143, 149, 662 P.2d 517, 523 (1983), *aff'd on other grounds, partially vacated,* 67 Haw. 181, 683 P.2d 822 (1984) (footnote omitted). In *Ortiz,* the petition for certiorari which we granted did not raise the jurisdictional issue of timely filing of the notice of appeal. 67 Haw. 181, 683 P.2d 822 (1984).

HRAP and HRPP are silent as to whether that particular motion tolls the thirty (30) day period for filing a notice of appeal. In the absence of an express statement to the contrary, we hold that the motion for reconsideration is not a tolling motion. "We must dismiss an appeal on our own motion if we lack jurisdiction." *State v. Johnston,* 63 Haw. at 11, 619 P.2d at 1077 (citations omitted).

Dismissed.

*Janet R. Garcia,* Deputy Prosecuting Attorney, for plaintiff-appellant.

*Richard Pollack (Susan Barr* and *Deborah Kim* on the brief), Public Defender, for defendant-appellee.