1000 FRIENDS OF KAUAI, a Hawaii non-profit corporation, and RICHARD HOEPPNER, an individual, Petitioners-Appellants,
v.
THE DEPARTMENT OF TRANSPORTATION, STATE OF HAWAII; BRENNON MORIOKA,[1] in his capacity as Director of the DEPARTMENT OF TRANSPORTATION OF THE STATE OF HAWAII; MICHAEL FORMBY, in his capacity as Director of Harbors of the DEPARTMENT OF TRANSPORTATION OF THE STATE OF HAWAII; and HAWAII SUPERFERRY, INC. Respondents-Appellees.
No. 28845
Intermediate Court of Appeals of Hawaii.
February 6, 2009.
On the briefs:
Daniel G. Hempey Gregory H. Meyers, (Hempey & Meyers LLP) for Petitioners-Appellants.
Dorothy Sellers, Solicitor General, for Respondents-Appellees State of Hawaii Department of Transportation, Brennon Morioka, and Michael Formby.
Lisa Woods Munger, Lisa A. Bail (Goodsill Anderson Quinn & Stifel) for Respondent-Appellee Hawaii Superferry Inc.

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, NAKAMURA and FUJISE, JJ.
Petitioners-Appellants 1000 Friends of Kauai, a Hawai`i non-profit corporation, and Richard Hoeppner (collectively, Petitioners) appeal from the Final Judgment filed on October 12, 2007 in the Circuit Court of the Fifth Circuit (circuit court).[2] The circuit court entered judgment in favor of Respondents-Appellees the Department of Transportation, State of Hawai`i (DOT); Brennon Morioka, in his capacity as Director of DOT; Michael Formby, in his capacity as Director of Harbors of DOT; and Hawaii Superferry, Inc. (HSI) (collectively, Respondents) and against Petitioners.
On appeal, Petitioners argue that the circuit court erred by (1) finding that Petitioners' claims under the Hawai`i Environmental Policy Act (HEPA) were time-barred pursuant to Hawaii Revised Statutes (HRS) § 343-7 (1993); (2) finding that Petitioners` failure to meet the 120-day time limit in HRS § 343-7 was jurisdictional; (3) finding that Sierra Club v. Department of Transportation, 115 Hawai`i 299, 167 P.3d 292 (2007), applied only to Maui and not the entire state of Hawai`i; (4) finding that the presumption of harm relating to HEPA violations was unavailable for Petitioners' constitutional and injunctive relief claims; and (5) denying Petitioners' request for a temporary retraining order. Petitioners also argue that Act 2 of the 2007 Hawaii Session Laws, Second Special Session, at 5-21, is unconstitutional.
Petitioners ask this court to vacate the Final Judgment and remand with instructions to issue an injunction until the petition is heard on the merits.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Petitioners' points of error as follows:
The circuit court did not err in concluding that Petitioners' claims were time-barred pursuant to HRS § 343-7. HRS § 343-7 provides in relevant part:
§343-7 Limitation of actions. (a) Any judicial proceeding, the subject of which is the lack of assessment required under section 343-5, shall be initiated within one hundred twenty days of the agency's decision to carry out or approve the action, or, if a proposed action is undertaken without a formal determination by the agency that a statement is or is not required, a judicial proceeding shall be instituted within one hundred twenty days after the proposed action is started.
(Emphasis added.) The plain and unambiguous language of this statute sets forth a 120-day limitation period that commences on the date "of the agency's decision to carry out or approve the action." Id.
In this case, the date of DOT's decision was February 23, 2005. See Sierra Club, 115 Hawai`i at 312 n.15, 167 P. 3d at 305, n.15 ("[W]e note that the lawsuit was filed on March 21, 2005, which was `within one hundred twenty days of the agency's decision to carry out or approve the action, ` HRS § 343-7(a), taking the date of that decision as February 23, 2005, when DOT officially determined that the harbor improvements would be exempt from the requirements of HEPA."). Petitioners filed the instant suit on September 4, 2007, beyond the 120-day limitation period. The circuit court did not err, therefore, in concluding that Petitioners' claims were time-barred pursuant to HRS § 343 -7.
Furthermore, contrary to Petitioners' assertions, the 120-day time limit is indeed jurisdictional. In Waianae Coast Neighborhood Board v. Hawaiian Electric Co., 64 Haw. 126, 637 P.2d 776 (1981), the Hawai`i Supreme Court established that HRS 343-6(b) (which was renumbered in 1979 as § 343-7(b), 1979 Haw. Sess. Laws Act 197, § 1.8. at 412-13) is "mandatory and jurisdictional," reasoning as follows:
In Ho v. Yee, 42 Haw. 228, 229 (1957), we held therein that the time requirement of rule 73(a) of the Hawaii Rules of Civil Procedure which requires that an appeal be taken within 30 days after entry of judgment was jurisdictional. Similarly, we hold compliance with section 343-6(b) is likewise mandatory and jurisdictional.
64 Haw. at 128, 637 P.2d at 778 (emphases added).
We apply the same reasoning here. Like HRS § 343-7b), which the Hawai`i Supreme Court deemed "mandatory and jurisdictional," the time requirement of subsection (a) is "mandatory and jurisdictional." See HRS § 1-16 (1993) ("Laws in pari materia, or upon the same subject matter, shall be construed with reference to each other.").
Because the circuit court did not err in concluding hat Petitioners' claims were time-barred under HRS § 343-7, we do not address Petitioners' remaining points of error.
Therefore,
The Final Judgment filed on October 12, 2007 in the Circuit Court of the Fifth Circuit is affirmed.
NOTES
[1] On December 3, 2007, Brennon Morioka succeeded Barry Fukunaga as Director of the Department of Transportation of the State of Hawaii and Mr. Morioka is automatically substituted as Appellee herein pursuant to Rules of Appellate Procedure Rule 43(c) (1).
[2] The Honorable Randal G.B. Valenciano presided.