**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-25-0000030
12-MAY-2025
07:52 AM
Dkt. 20 OGMD**

NO. CAAP-25-0000030

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
TONY RAY PETTY, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1CPC-18-0001948)

ORDER GRANTING MOTION TO DISMISS APPEAL
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Upon consideration of Plaintiff-Appellee State of Hawaii's (**State**) May 2, 2025 Motion to Dismiss Appeal and, Assuming Arguendo this Motion to Dismiss Appeal Is Denied, to Extend the Time to File the State's Answering Brief Until 40 Days After this Motion is Disposed of (**Motion**), the papers in support, and the record, it appears that:

(1) Self-represented Defendant-Appellant Tony Ray Petty (**Petty**) appeals from the Circuit Court of the First Circuit's April 11, 2019 Judgment of Conviction (**Judgment**), entered in 1CPC-18-0001948;

(2) The State seeks, *inter alia*, dismissal of the appeal for lack of jurisdiction; and

(3) Dismissal is warranted, as Petty's Notice of Appeal, received January 13, 2025, was not timely-filed within thirty days after entry of the Judgment, as required by Hawaiʻi Rules of Appellate Procedure Rule 4(b)(1), and "compliance with the requirement of the timely filing of a notice of appeal is

jurisdictional."[1] <u>State v. Brandimart</u>, 68 Haw. 495, 496, 720 P. 2d. 1009, 1010 (1986).

Therefore, IT IS HEREBY ORDERED that the motion is granted, and the appeal is dismissed without prejudice to Petty seeking alternative relief from the Circuit Court in a petition under Hawai'i Rules of Penal Procedure Rule 40.

DATED: Honolulu, Hawai'i, May 12, 2025.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

---

[1] Though Hawai'i courts have seen fit in criminal cases to relax the deadline for filing a notice of appeal where justice so warrants, including where defense counsel has inexcusably or ineffectively failed to perfect an appeal on his or her client's behalf despite being asked to do so, <u>State v. Cardenas</u>, 150 Hawai'i 307, 317, 500 P.3d 492, 502 (App. 2021), those circumstances do not apply here.