**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000736**
**24-NOV-2025**
**08:00 AM**
**Dkt. 67 SO**

NO. CAAP-23-0000736

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

GARRETH A. GRAHAM, Petitioner-Appellant,
v.
HAWAI'I PAROLING AUTHORITY; STATE OF HAWAI'I,
Respondents-Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPN-19-0000005 (1PC940001048))

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and McCullen, JJ.)

Self-represented Petitioner-Appellant Garreth A.

**Graham** appeals from the Circuit Court of the First Circuit's

January 28, 2022 "Order Dismissing [Graham's] Hawaii Rules of

Penal Procedure Rule 40 Petition, Filed November 22, 2019,

Without a Hearing" (**Rule 40 Order**), and November 28, 2023 "Order

Denying [Graham's] Motion for Reconsideration Filed January 4,

2023" (**Reconsideration Order**).[1]  We dismiss for lack of

---

[1]  The Honorable Rowena A. Somerville presided.

jurisdiction Graham's appeal as to the Rule 40 Order, and we vacate the Reconsideration Order.

Graham is currently serving a sentence of life with the possibility of parole at Saguaro Correctional Center in Eloy, Arizona, for Murder in the Second Degree.  Representing himself, Graham challenged his minimum term of imprisonment, as set by Respondent-Appellee Hawaiʻi Paroling Authority, through Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40 post-conviction proceedings.

The record reflects the following relevant events:

- November 22, 2019:  Graham filed his "Petition to Vacate Illegal Sentence, Set Aside Minimum Term Order or to Release Petitioner from Custody" (**Rule 40 Petition**).

- June 26, 2020:  Graham filed his "Motion to Amend Petition to Vacate Illegal Sentence, Set Aside Minimum Term Order or to Release Petitioner from Custody" (**Motion to Amend**) and "First Amended Petition to Vacate Illegal Sentence, Set Aside Minimum Term Order or to Release Petitioner from Custody" (**First Amended Petition**).

- January 28, 2022:  The circuit court entered its Rule 40 Order.

- February 10, 2022:  Graham filed his "Motion for <u>Leave to Amend</u> First Amended Petition to Vacate Illegal Sentence, Set Aside Minimum Term Order or to Release Petitioner from Custody" (**Motion for Leave to Amend**).

- February 14, 2022:  The circuit court entered its "Order Denying Garreth A. Graham's Motion for Leave to Amend First Amended Petition to Vacate Illegal Sentence, Set Aside Minimum Term Order or to Release Petitioner from Custody" (**Order Denying Leave to Amend**).

- June 23, 2022:  Graham allegedly received the February 14, 2022 Order Denying Leave to Amend.

- November 30, 2022:  Graham allegedly received the January 28, 2022 Rule 40 Order.

- January 4, 2023:  Graham filed his "Motion for Reconsideration" of the Order Denying Leave to Amend.

- November 28, 2023:  The circuit court entered its Reconsideration Order.

- December 19, 2023:  Graham filed his Notice of Appeal.

The record also reflects numerous other filings, including requests by Graham for status updates on his case as well as attempts to preserve issues for appeal.

On appeal, Graham challenges the circuit court's Rule 40 Order and Reconsideration Order, raising five points of error.[2]

---

[2]  The five points of error are:

(A)  Did the Circuit Court Commit Abuse of discretion by failing to follow Court Rules and Principles in violation of Appellant's Due Process and the Fifth and Fourteenth Amendments of the United States Constitution and Article I Section 5 and 14 of the Hawaii Constitution?

(B)  Did the Circuit Court Commit Abuse of discretion when it Denied Appellant's Motion for Reconsideration in violation of Appellant's Due Process and the Fifth and Fourteenth Amendments of the United States Constitution and Article I Section 5 and 14 of the Hawaii Constitution?

(C)  Did the Circuit Court and the Hawaii Paroling Authority (HPA) commit abuse of discretion in violation of the Fifth and Fourteenth Amendment of the United States Constitution and Article I Section 5 and 14 of the Hawaii Constitution by not allowing appellant access to his pre-sentence investigation report (PSI) which contained adverse information?

(continued . . .)

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below.

**(1)** We first consider Graham's challenges to the circuit court's Rule 40 Order. Because this court lacks jurisdiction over an appeal from the Rule 40 Order, we dismiss the appeal as to the Rule 40 Order.

"The existence of appellate jurisdiction is a question of law and is reviewed de novo under the right/wrong standard." State v. James, 153 Hawaiʻi 503, 510, 541 P.3d 1266, 1273 (2024) (brackets omitted) (quoting State v. Uchima, 147 Hawaiʻi 64, 72, 464 P.3d 852, 860 (2020)).

---

(. . . continued)

> (D) Did the circuit court commit Abuse it's Discretion in violation of the Fifth and Fourteenth Amendment of the United States Constitution and Article 1 Section 5 and 14 of the Hawaii Constitution by Dismissing Appellants claim that [Hawaiʻi Revised Statutes (**HRS**)] § 706-656(2) is Overly Broad and Unconstitutionally Vague?
>
> (E) Did the circuit court commit Abuse it's Discretion in violation of the Fifth and Fourteenth Amendment of the United States Constitution and Article 1 Section 5 and 14 of the Hawaii Constitution by Dismissing Appellants claim that HRS § 706-669(8) is Overly Broad and Unconstitutionally Vague?

(Formatting altered.) As discussed below, we do not have jurisdiction over the Rule 40 Order, but we have jurisdiction over the Reconsideration Order. Thus, we address Graham's points of error to the extent they relate to his challenge of the Reconsideration Order.

"The right of appeal in a criminal case is purely statutory and exists only when given by some constitutional or statutory provision." Id. at 513, 541 P.3d at 1276 (internal quotation marks omitted) (quoting State v. Bohannon, 102 Hawaiʻi 228, 236, 74 P.3d 980, 988 (2003)). The Hawaiʻi Supreme Court has held that "compliance with the requirement of the timely filing of a notice of appeal is jurisdictional and we must dismiss an appeal on our motion if we lack jurisdiction." Grattafiori v. State, 79 Hawaiʻi 10, 13, 897 P.2d 937, 940 (1995) (citation modified) (quoting State v. Brandimart, 68 Haw. 495, 497, 720 P.2d 1009, 1010 (1986) and State v. Johnston, 63 Haw. 9, 11, 619 P.2d 1076, 1077 (1980)).

Pursuant to Hawaiʻi Revised Statutes (**HRS**) § 641-11 (2016) and HRPP Rule 40(h), "appeals from proceedings for post-conviction relief may be made from a judgment entered in the proceeding and must be taken in accordance with Rule 4(b) of the Hawaiʻi Rules of Appellate Procedure (**HRAP**)." Id. (citation modified). HRAP Rule 4(b), which governs appeals in criminal cases, requires a notice of appeal to be filed within thirty days after the judgment or order appealed from:

> TIME FOR FILING. In a criminal case, the notice of appeal shall be filed within 30 days after entry of the judgment or order appealed from. However, if the notice of appeal is mailed, the notice of appeal shall be deemed timely filed if the mailing is postmarked within the time fixed for filing and is received by the clerk no later than 5 days after the postmarked date. For the purposes of calculating other deadlines in these Rules, the date of filing under this Rule shall be the date the document is received by the clerk.

HRAP Rule 4(b)(1) (formatting altered) (emphasis added). However, the court has allowed substantive review of untimely appeals "when (1) defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the first instance, or (2) the lower court's decision was unannounced and no notice of the entry of judgment was ever provided." Grattafiori, 79 Hawai'i at 13-14, 897 P.2d at 940-41 (emphasis added) (citing State v. Caraballo, 62 Haw. 309, 315-16, 615 P.2d 91, 96 (1980)).

Here, Graham's December 19, 2023 Notice of Appeal seeks appellate review of the circuit court's January 28, 2022 Rule 40 Order. Thus, Graham filed his Notice of Appeal 690 days after entry of the Rule 40 Order, well beyond HRAP Rule 4(b)'s thirty-day requirement.

Graham maintains that he did not receive notice of the Rule 40 Order dismissing his Rule 40 Petition until the circuit court denied his February 10, 2022 Motion for Leave to Amend his First Amended Petition.[3] Graham further maintains that he did not receive a copy of the Rule 40 Order until November 30, 2022.

Even if this court were to calculate from November 30, 2022, the date Graham avers in a sworn declaration that he ultimately received the Rule 40 Order, under the second

---

[3] In a letter to the "Clerk Of The Court," postmarked July 27, 2022, and docketed August 2, 2022, Graham alleged he did not receive the February 14, 2022 Order Denying Leave to Amend until June 23, 2022.

Grattafiori exception (unannounced decision), the Notice of Appeal was untimely because it was not submitted until almost a year (355 days) after the appeals period had elapsed under HRAP Rule 4(b). See Grattafiori, 79 Hawaiʻi at 13-14, 897 P.2d at 940-41.

Further, Graham's January 4, 2023 Motion for Reconsideration of the Rule 40 Order did not extend the period to file a notice of appeal under HRAP Rule 4(b), because motions for reconsideration are not tolling motions under HRAP Rule 4(b).[4] See Brandimart, 68 Haw. at 496, 720 P.2d at 1010 (explaining "HRAP and HRPP are silent as to whether that particular motion tolls the thirty (30) day period for filing a notice of appeal" and holding motion for reconsideration was not a tolling motion "[i]n the absence of an express statement to the contrary").

---

[4] Graham brought his Motion for Reconsideration under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rules 59(e) and 60(b), which are tolling motions under HRAP Rule 4(a) governing appeals in civil cases if brought within thirty days of the judgment for which reconsideration is sought. See Mālama Kakanilua v. Dir. of Dep't of Pub. Works, 157 Hawaiʻi 280, 293-94, 576 P.3d 793, 805-06 (2025) ("[F]or purposes of serving as a 'tolling motion,' an HRCP Rule 60(b) motion extends the time in which to file a notice of appeal pursuant to HRAP Rule 4(a)(3), if the motion for reconsideration is filed within thirty days of the entry of judgment."); HRAP Rule 4(a)(3) ("If any party files a timely motion . . . to reconsider . . . and court or agency rules specify the time by which the motion shall be filed, then the time for filing the notice of appeal is extended for all parties until 30 days after entry of an order disposing of the motion.").

However, because appeals of HRPP Rule 40 petitions are expressly governed by HRAP Rule 4(b) for appeals in criminal cases, the January 4, 2023 Motion for Reconsideration was not a tolling motion. See HRPP Rule 40(h) ("Any party may appeal from a judgment entered in the proceeding in accordance with [HRAP] Rule 4(b)."); Brandimart, 68 Haw. at 496, 720 P.2d at 1010.

Because Graham's appeal of the Rule 40 Order was untimely, this court lacks jurisdiction over the circuit court's denial of Graham's Rule 40 Petition and the underlying merits of the Rule 40 Petition. E.g., Grattafiori, 79 Hawaiʻi at 13, 897 P.2d at 940.

**(2)** We turn now to Graham's challenge to the circuit court's Reconsideration Order as Graham timely appealed that order.

As the sole basis for his motion to reconsider the Order Denying Leave to Amend, Graham argued that the circuit court "mistakenly or inadvertently failed to take notice of" his First Amended Petition.

HRPP Rule 40(e) provides in relevant part, "The court may grant leave to amend or withdraw the petition at any time. Amendment shall be freely allowed in order to achieve substantial justice." Although the Hawaiʻi Supreme Court has not "had occasion to consider the standard of review of a court's decision denying a motion to amend or withdraw a Rule 40 petition," the court suggested in an unpublished summary disposition order that the abuse of discretion standard would apply. Lindsey v. State, 149 Hawaiʻi 338, 489 P.3d 442, SCWC-18-0000656, 2021 WL 2655065, at *3 (Haw. June 28, 2021) (SDO).

Here, Graham filed his Motion to Amend and First Amended Petition seven months after his Rule 40 Petition and

nineteen months before the circuit court's Rule 40 Order. In his First Amended Petition, Graham sought to add an additional argument in support of his third ground (failure to provide Graham with his presentencing investigation report) and a novel fourth ground (ineffective assistance of counsel).

Although Graham's Motion to Amend was filed nineteen months prior to the Rule 40 Order, the circuit court did not rule on Graham's Motion to Amend before entering its Rule 40 Order. Also, the circuit court did not address in its Rule 40 Order the additional argument in support of Graham's third ground or the added fourth ground.

About two weeks after the Rule 40 Order, Graham filed his Motion for Leave to Amend. The circuit court denied the Motion for Leave to Amend, concluding "[t]he court cannot grant a 'Motion for Leave to Amend' after the Petition is dismissed."

Graham moved for reconsideration based on the circuit court's failure to address his Motion to Amend and First Amended Petition. In denying Graham's Motion for Reconsideration, the circuit court acknowledged that Graham filed a Motion to Amend but noted, "Petitioner did not file a Motion for <u>Leave</u> to Amend the Rule 40 Petition pursuant to HRPP Rule 40(e), nor did the court grant petitioner <u>leave</u> to amend the Rule 40 Petition. Therefore, the court will not address the First Amended Petition." (Emphases added.)

9

Whether Graham styled his Motion to Amend as a "motion for <u>leave</u> to amend" or not is not, in and of itself, grounds for not ruling on the motion.

It is well-settled policy in Hawaiʻi that self-represented litigants' filings must be liberally construed to promote meaningful access to justice. See <u>Makila Land Co., LLC v. Kapu</u>, 152 Hawaiʻi 112, 121, 522 P.3d 259, 268 (2022) ("Filings prepared by a pro se litigant should be construed by courts in a manner that will afford the pro se litigant equal access to justice and an opportunity to be heard.").

To the extent the circuit court denied Graham's motion for reconsideration on the basis that Graham failed to include the word "leave" in the title of his Motion to Amend, it abused its discretion. See <u>id.</u> ("Thus, a court abuses its discretion if it construes a filing by a pro se litigant in a manner that prevents the litigant from seeking relief 'if a reasonable, liberal construction of the document would permit the litigant to do so.'" (citation and brackets omitted)).

Based on the foregoing, we (1) dismiss Graham's appeal from the circuit court's January 28, 2022 Rule 40 Order for lack of jurisdiction and (2) vacate the circuit court's November 28,

10

2023 Reconsideration Order.  We remand this case for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawai'i, November 24, 2025.

On the briefs:                          /s/ Katherine G. Leonard
                                        Presiding Judge
Garreth A. Graham,
Self-represented                        /s/ Keith K. Hiraoka
Petitioner-Appellant.                   Associate Judge

Ryan S. Endo,                           /s/ Sonja M.P. McCullen
Deputy Attorney General,                Associate Judge
for Respondent-Appellee.