■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT J. MOORE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 17, 1963 after a jury trial, convicting him of robbery in the third degree, grand larceny in the second degree and assault in the third degree, and imposing sentence. Judgment reversed on the law and the facts and new trial granted. At the trial, defendant elicited from the complaining witness testimony that, years prior to the alleged commission of the crimes at bar, defendant had struck him and kicked his foot through his storefront window. The trial court, stating that the complainant's testimony did not bear upon defendant's guilt or innocence of the crimes for which he was being tried, directed the jury to disregard such testimony. Thereafter, the trial court prevented the defendant from attempting to show, through the testimony of defendant's former wife, that at a time not involved in the indictment at bar the complainant had made a false criminal charge of assault against the defendant. Finally, on the ground that it was a collateral matter, the trial court denied defendant's motion to reopen his defense for the purpose of attempting to show, through another witness, that the complainant had falsely accused him of the assault and the breaking of his window. In our opinion, if the jury believed that in the past the complainant had been assaulted by the defendant, and that the defendant had destroyed the complainant's property, the complainant's testimony with respect to those matters was relevant to whether the complainant was hostile towards, or biased against, the defendant; therefore, such

testimony was relevant to whether defendant was guilty of the crimes for which he had been indicted. Similarly, it was very material to his defense for defendant to show that the complainant, on a prior occasion, had made false accusations against him. Such evidence of bias or hostility is proof of a motive to falsify and, as such, was not collateral to the issues to be determined by the jury. Therefore, because the jury was not properly instructed and because the defendant was prevented from submitting evidence on a matter so material to the issues at bar, we are compelled to reverse the judgment (*People* v. *McDowell*, 9 N Y 2d 12, 15; Fisch, New York Evidence, § 484). Ughetta, Christ, Hopkins and Benjamin, JJ., concur; Beldock, P. J., dissents and votes to affirm the judgment, with the following memorandum: Complainant, who knew defendant for many years, testified that on April 24, 1963 the defendant, while armed with a knife, forcibly took money from him. Defendant admitted that he was in complainant's shop at the time of the incident in question, but claimed that he went there only to borrow money and, when complainant refused to lend him the money, he left. The jury rejected the defense. In my opinion, it was not error to refuse to permit defendant's former wife to testify that prior to this incident she never saw defendant strike complainant. It is not claimed that she was present on each occasion that defendant and complainant were together; therefore, the fact that she never saw defendant strike complainant would prove nothing. The trial court's refusal to reopen the defense was a matter of resting within the court's discretion. Under the circumstances here, it may not be said that the court improvidently exercised its discretion. Nor was it error for the trial court to advise the jury that the testimony to the effect that the defendant had assaulted complainant and injured complainant's property on a prior occasion, had no bearing on defendant's guilt or innocence of the charges then being tried. The evidence of defendant's guilt was substantial and the interests of justice do not require a new trial.