■　THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE CRANDALL, Appellant.—Appeal from a judgment of the County Court, Albany County, rendered June 12, 1974, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree and unlawful imprisonment in the first degree. Codefendants Cavanaugh and Szymczak were also convicted in said trial of unlawful imprisonment in the first degree. The allegations giving rise to the indictments of the three defendants are recited in a separate opinion of this court and need no repetition herein *(People v Cavanaugh,* 48 AD2d 949). Defendant Crandall contends that the exclusion of certain testimony mandates reversal. During the course of the trial, in response to a call from a woman claiming pertinent information in the instant case, the District Attorney referred the woman to the defendant who, in his defense, called the woman as a witness. The substance of the woman's testimony was that, in August of 1973 (approximately one month subsequent to the events charged in the indictment), she had a chance meeting with a girl (whom she subsequently identified as the complaining witness), in which the girl mentioned having problems with her father because she had taken off for a few days and had to get back in the house. The witness continued: "Now when she said she wanted a party, I asked her what she meant by it, and she said, To party, not a party. And she said she had four men that she partied with, but she needed some excuse to get back in the house, and she had told her father something. Now, what she told him I don't know, but in the process of her talking to me she mentioned the name George Crandall [defendant herein]." On cross-examination there was this colloquy: "Q. Do you know when this girl had indicated to you that she had partied with these men? A. Well, from the way she looked, sir, I thought it was that—that day she was up there. Q. So, it would have been in August, then; right? A. That's right. That's why I found out about it. She looked pretty rough that day. I don't know." The District Attorney moved to exclude the testimony because the witness was speaking of alleged events in August, 1973 whereas the indictment covered events in July, 1973, whereupon the witness stated: "I am not testifying that that offense happened then. I am just telling you what she looked like." The court granted the motion, stating that the evidence adduced was not relevant. Subsequently, the Trial Judge denied a defense motion to recall the witness, stating that her testimony was purely speculative in nature and without any proper foundation having been laid. Such testimony, if offered as proof of a prior inconsistent statement, would only be competent evidence and thus admissible if a foundation had first been laid upon the cross-examination of the complaining witness (Richardson, Evidence [10th ed], § 502; 2 Wharton's Criminal Evidence [13th ed], § 455). No such foundation was laid here. The proper procedure would be to lay the foundation at the time of the cross-examination and the complaining witness could have been recalled for this purpose. However, the witness's testimony is admissible on the direct case of the defendant to impeach on the basis of the complaining witness's motive

to falsify (2 Wharton's Criminal Evidence [13th ed], § 460). Proof of a motive to falsify is not collateral to the issues to be determined by the jury and is admissible on the direct case of the defendant without any foundation being required *(People v Brown,* 26 NY2d 88; *People v Moore,* 23 AD2d 854; Richardson, Evidence [10th ed], §§ 504, 505). Therefore, we conclude that the witness's testimony was admissible without any prior foundation. The motion to strike the witness's testimony was granted by the Trial Judge on the ground that it concerned events which occurred in August of 1973, whereas the events covered in the indictment were alleged to have occurred in July, 1973. The record shows, however, that the witness stated she was not testifying that the occurrence, as related in the conversation, took place in August, 1973. The testimony of the witness, if believed, was material and relevant to the case and vital to the apparent defense of consent. The testimony of the witness concerning the complaining witness's statements to her, her appearance and the circumstances of their chance meeting, all affect the weight but not the admissibility of the testimony. The exclusion of the testimony in question and the denial of a motion to recall the witness constituted reversible error. We have examined the other contentions of the defendant in regard to the statement obtained from the defendant, the refusal of the trial court to suppress identification testimony, and the contention that the evidence was legally insufficient to sustain the verdicts of guilty and find therein nothing that would require reversal. Judgment reversed, on the law, and a new trial ordered. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.