■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE CRANDALL, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered August 28, 1975, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree and unlawful imprisonment in the second degree. The factual background of this case is set forth in the appeal of a codefendant *(People v Cavanaugh,* 48 AD2d 949) and in the prior appeal to this court by the defendant in *People v Crandall* (48 AD2d 946). The defendant contends that the record fails to establish an act of "sexual contact" as defined in subdivision 3 of section 130.00 of the Penal Law; however, there was ample evidence for the jury as to the victim having touched his sexual parts with her hands and that alone is sufficient to be "sexual contact". There is nothing repugnant about the prior acquittal of the defendant on the charge of sodomy and the present conviction of sexual abuse upon this record. (See *People v Crandall, supra; People v Tucker,* 47 AD2d 583.) The defendant's contention that reversible error occurred because the People did not give notice that a witness had made a photographic identification of the defendant is also without substantial merit. No request for such a hearing was made at trial when the information became available to defense counsel. In any event, if there was error it was not such as would reasonably suggest that the jury might have reached a different result *(People v Crimmins,* 36 NY2d 230). While this case presents sharp factual issues as to precisely what occurred between the defendant and the victim, the exact identity of the defendant as the one who initially brought the victim into contact with himself and his male companions was not of great or serious importance as to the crime committed in Albany County.

The jury at 2:14 A.M. sent the court a note saying that they had been unable to reach an unanimous verdict. At 2:16 A.M. the court instructed the jury to continue deliberations. At 3:00 A.M. the court sent for the jury, but it then requested additional time and at 3:27 A.M. returned with a verdict. The defendant contends that the court should not have directed the jury to continue deliberations; however, the time and circumstances herein are not materially different from those in *People v Presley* (22 AD2d 151, affd without opn 16 NY2d 738) where the verdict was upheld on appeal and, further, the jury did not want to cease deliberations when the court asked the members to return to the courtroom at 3:00 A.M. The present record does not suggest that the lateness of the hour or the action of the court coerced the verdict. Upon polling the jury following the announcement of the verdict by the jury foreman, one of them answered "no" as to his verdict on sexual abuse. The court commented on the lateness of the hour and asked the juror if he had misunderstood the question to which the juror gave an affirmative response. The court then had the members polled again and all answered "yes". We do not find that the procedure used by the court was a violation of CPL 310.80 or was an impermissible interrogation of an individual juror as to his vote (cf. *People v Gottlieb,* 44 AD2d 587, revd on other grounds 36 NY2d 629). Specifically, there was no exception by defendant's counsel as to the procedure of the court and the questioning was not of such a nature as to do any more than ask the juror if he understood the question. The defendant contends further that considering the alleged errors of law which were not preserved for review by proper objections or exceptions and the entire proof, a new trial should be ordered in the interests of justice. However, this is the second trial which this defendant has had and in both cases he has been found guilty of sexual abuse. Further, it does not appear that the defendant has had anything other than a fair and impartial trial and the proof of guilt was more than sufficient to support a conviction beyond a reasonable doubt. Judgment affirmed. Sweeney, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.