■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE MURTHA, Appellant.—Judgment, Supreme Court, Bronx County, rendered October 10, 1975, convicting the defendant after a jury trial of the crime of grand larceny in the third degree, unanimously reversed, on the law, and the matter remanded for a new trial. Reginald Hooks, a cab driver, testified that he picked up the defendant, George Murtha, at 42d Street in Manhattan in the early morning hours of May 11, 1974, and was directed to 233d Street in The Bronx. The driver was proceeding along the Major Deegan Expressway in The Bronx when Murtha told him to leave the highway at the 179th Street exit. The cabbie was then directed to stop at Tremont and Sedgwick Avenues. Hooks stopped the meter and was writing the amount on his record sheet when he turned and saw Murtha pointing a gun at him. He surrendered his money, and Murtha began to rummage through Hook's belongings which were lying on the front seat of the cab. Hooks took advantage of Murtha's being otherwise occupied, accelerated the cab suddenly, and jumped out. The cab hit a parked car. Murtha left the cab, and Hooks, after summoning the police and upon seeing Murtha returning, reentered his cab. He followed Murtha and ran him down with the cab. He bent over Murtha and retrieved the money. The police arrived. The gun was never retrieved. There was some testimony that Murtha may have been intoxicated. On cross-examination, defense counsel questioned Hooks about prior traffic violations and whether his chauffeur's license had ever been suspended. After the People rested, defense counsel made an offer of proof to introduce evidence that Hooks did in fact have his chauffeur's license suspended, and that conviction of driving while under suspension is subject to criminal procecution. The thrust of the defense's argument was that Hooks actually did not pick up Murtha as a customer but in fact had accidentally run over Murtha, who was intoxicated. It was claimed that the story given by Hooks to the police was a fabrication, to prevent Hooks being charged with driving with a suspended license. The trial court held this inquiry to be collateral to the main issue and sustained the objection to its admission in evidence. We disagree. The evidence sought to be elicited by defense counsel was for the purpose of establishing Hooks' interest in fabricating the facts (cf. *People v Brown*, 26 NY2d 88, 94). As such, the evidence was not collateral to the main issue and should have been admitted. In the case at bar, the sole eyewitness to the occurrence was the complaining witness Hooks, and the evidence sought to be introduced was therefore crucial to the determination of the guilt or innocence of the defendant. It is apparent from the questions posed by the jury and the extraordinary length of time they took in their deliberations, considering the relatively straightforward facts of this case, that it was not capable of easy resolution. Under these circumstances, we find that, absent the error which occurred, there is a significant probability that the jury would have acquitted the defendant *(People v Crimmins*, 36 NY2d 230, 242). We have therefore remanded the matter for a new trial. We have reviewed the other contention raised and find it to be without merit. Concur—Lupiano, J. P., Silverman, Evans, Lane and Sandler, JJ.