■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASHER CAIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered October 30, 1986, convicting him of burglary in the first degree, robbery in the first degree, kidnapping in the second degree and unlawful imprisonment in the first degree (six counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that the procedure used by the Trial Judge upon the polling of the jury requires a new trial. When asked by the court clerk if the guilty verdict as to the codefendant Dawson Sharpe was his verdict, one of the jurors answered, "Yes, sir. It was * * * I need to know something". The juror expressed a desire to talk to the Judge in private. Thereupon, the Trial Judge asked "can you answer the question that's being asked of you now?" The juror answered "I will, but I still need to talk to you later". When the Judge assured him that he would talk to him later, the juror unequivocally answered the court clerk's query in the affirmative. The poll as to the codefendant was then completed, as was the poll as to the guilty verdict of the defendant Asher Cain. The question asked of the juror by the Trial Judge was entirely proper in that it did not compel a "yes" or "no" answer, yet, without engaging the juror in impermissible discussion, revealed that he assented to the verdict (see, People v Crandall, 53 AD2d 956, affd 45 NY2d 851; cf., People v Pickett, 61 NY2d 773).

With regard to the subsequent colloquy with the juror in the presence of counsel, the defendant's attorney did not object to such procedure; and, therefore, the issue is unpreserved for our review. In any event, although we do not approve of the court's discussion of the law with the juror in the presence of counsel in a robing room, a review of the record indicates that this error was harmless and did not in any way affect the validity of the verdict.

We have reviewed the defendant's remaining contentions and find them to be lacking in merit. Bracken, J. P., Kunzeman, Eiber and Spatt, JJ., concur.