■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN HARRIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered May 17, 1989, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

By absconding prior to sentencing, the defendant unambiguously indicated a defiance of the processes of law sufficient to effect a forfeiture of his right to be present at sentencing *(see, People v Corley,* 67 NY2d 105). In this regard, we note that during the plea allocution, the court expressly advised the defendant that he would be sentenced in absentia in the event that he failed to return to court. Despite the defendant's acknowledgment of the potential consequences of a failure to follow the directives of the court, he nonetheless contumaciously absented himself from the proceedings. Accordingly, we find that he was properly sentenced in absentia *(see, People v Lockwood,* 137 AD2d 721; *People v Hooper,* 133 AD2d 347; *see also, People v Scott,* 158 AD2d 725; *People v Villegas,* 146 AD2d 228).

Moreover, although the court additionally warned the defendant that he would receive a greater sentence than that initially promised if he left his residential drug treatment program, he nevertheless absconded from the program less

than one week later. Under these circumstances, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Lawrence, Eiber, Harwood and Rosenblatt, JJ., concur.