■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN COLEMAN, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered May 5, 1988, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

On April 1, 1987, defendant was indicted by a Grand Jury with two counts of criminal sale of a controlled substance in the third degree in violation of Penal Law § 220.39 (1). Specifically, the indictment alleges that defendant sold a quantity of heroin to confidential police informant, Justo Miranda, on two separate occasions on March 15, 1987. Following a jury trial, defendant was found guilty of both counts in the indictment and was sentenced as a second felony offender to two concurrent prison terms of 9 to 18 years. This appeal followed.

Initially, defendant contends that County Court committed reversible error by precluding defendant from introducing testimony that allegedly would have shown that Miranda, the prosecution's chief witness, had a motive to lie about defendant's activities. According to defendant, the proposed testimony from Miranda's former landlady was permissible evidence of bias, interest or hostility to defendant which was not collateral and was properly independently admissible on defendant's direct case to impeach Miranda on statements he made during cross-examination regardless of whether a prior foundation was laid (see, People v Gilland, 110 AD2d 1078; People v Crandall, 48 AD2d 946, 947, affd 45 NY2d 851; Richardson, Evidence § 491, at 478 [Prince 10th ed]).

At trial, after the People rested, County Court inquired whether the defense would be calling any witnesses other than the ones previously mentioned before jury selection. Defense counsel then indicated that he wished to call Miranda's former landlady, although the prosecutor had some objection to this wish. The court then asked defense counsel for an offer of proof as to the relevancy of this witness. Instead of describing the substance of what this witness's testimony would have been, defense counsel only stated in a conclusory fashion that this witness's testimony was "critical" and would show that Miranda had a "motive to lie". The prosecutor then objected arguing that defense counsel was apparently only attacking Miranda's credibility with evidence not independently admissible. County Court told defense counsel that it would disallow the witness for now but would allow it later if defense counsel came up with some more useful information to justify this witness. When defense counsel renewed his request to call the witness at a later time, he told the court that he had no new information and his request was again denied.

In our view, County Court did not abuse its discretion in prohibiting the requested witness's testimony. During Miranda's cross-examination, defense counsel asked him if his former landlady had thrown him out for stealing and Miranda denied that this occurred. Accordingly, when defense counsel later asked to have the landlady testify at trial, it was not unreasonable for the People and the court to become concerned that the witness was to be called for the sole purpose of impeaching Miranda's credibility by showing that he was a thief, clearly a collateral issue (see, People v Johnson, 143 AD2d 847, 848, lv denied 73 NY2d 856). Defense counsel was offered two opportunities to convince the court otherwise, and neither time did he offer proof that the proposed testimony would have had some independent relevance by establishing bias or motive to lie. Significantly, even in his brief, defendant gives no real indication of what the landlady's testimony would have been other than stating vaguely that she would have testified to "bad blood" between defendant and Miranda. In this case, County Court had no real way of knowing at trial whether the proposed testimony was independently relevant or, if relevant, whether the evidence was too remote to be admissible (see, People v Thomas, 46 NY2d 100, 105, appeal dismissed 444 US 891; Richardson, Evidence § 504, at 492 [Prince 10th ed]). Under these circumstances, we find no abuse of discretion in the exclusion of the proposed witness.

Defendant's remaining arguments have been examined and have been found to be unavailing. Although defendant argues, using many of the arguments employed by the defendant in *People v Serrano* (170 AD2d 714 [decided herewith]), that certain taped conversations of the alleged drug sales by defendant to Miranda were improperly admitted into evidence, it is our view that any alleged error in their admission was rendered harmless by Miranda's detailed first-hand accounts of the drug sales *(see, supra)*. As for defendant's challenges to both the prosecutor's summation and the jury charge, we note that these issues were waived due to defense counsel's failure to object at trial *(see,* CPL 470.05 [2]), and we see no reason to reverse on these issues in the interest of justice.

Judgment affirmed. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.