■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC ROMAN, Appellant.—Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered February 22, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a predicate felony offender, to an indeterminate term of imprisonment of from 7 to 14 years, unanimously affirmed.

Defendant was arrested as the result of the purchase by an undercover officer of two vials of crack-cocaine.

Defendant contends that he was deprived of a fair trial as a result of the court's *Sandoval* ruling which would have permitted inquiry into only a part of four prior convictions and their underlying facts. The record reveals that the court balanced any prejudice against the probative value of the evidence by allowing inquiry into part of defendant's extensive criminal record.

Nor was it improper for the court to indicate that it would allow evidence of prior uncharged drug sales to be introduced if defendant asserted an agency defense. In such an instance, the jury may consider, *inter alia,* "whether the defendant has had other drug dealings with this or other buyers or sellers" *(People v Lam Lek Chong,* 45 NY2d 64, 75, *cert denied* 439 US 935).

There is no indication that the sentence was excessive. A recommendation in the context if a plea bargain does not prevent the court from imposing a greater term of imprisonment after trial *(see, People v Pena,* 50 NY2d 400, 411, *cert denied* 449 US 1087). The challenge to the mandatory surcharge is premature. *(People v Conigliaro,* 144 AD2d 685.) Concur—Sullivan, J. P., Carro, Rosenberger, Asch and Kassal, JJ.