■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES SCOTT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered July 8, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

By absconding prior to sentencing, the defendant unambiguously indicated a defiance of the process of law sufficient to effect a forfeiture of his right to be present at sentencing *(see, People v Corley,* 67 NY2d 105; *People v Harris,* 169 AD2d 733, *affd* 79 NY2d 909). In this regard, we note that during the plea allocution, the court expressly advised the defendant that he must keep all court appointments and that if he failed to do so he would be facing a higher sentence than that promised. In addition, given the defendant's extensive criminal background, he must have known the consequences of his failure to appear. Accordingly, we find that the defendant was properly sentenced in absentia *(see, People v Corley, supra; People v Harris, supra).*

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Sullivan, O'Brien, Ritter and Pizzuto, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN STEWART, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered November 25, 1991.

Ordered that the judgment is affirmed.

We have examined the record and find that the defendant's plea of guilty was knowingly and voluntarily entered.

Appellate review of the remaining issue raised by the defendant was effectively waived by him as part of his plea bargain. Accordingly, the judgment of conviction is affirmed *(see, People v Callahan,* 80 NY2d 273; *People v Seaberg,* 74 NY2d 1). Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.