■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PERRY, Appellant. [611 NYS2d 3] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered June 11, 1991, convicting defendant, after a jury trial, of two counts of grand larceny in the fourth degree, two counts of criminal possession of stolen property in the fourth degree, and criminal mischief in the fourth degree and sentencing him to concurrent terms of 1 to 3 years on each of the grand larceny counts and criminal possession of stolen property counts and to a 6-month prison term on the criminal mischief count, unanimously affirmed.

The statement provided by the People pursuant to CPL 710.30 was substantially the same as the statement testified to by the arresting police officer at trial, and any difference was not so significant as to cause defendant prejudice *(see, People v Laporte,* 184 AD2d 803, 805, *lv denied* 80 NY2d 905). To the degree that testimony by the other officer was not substantially the same, this testimony was elicited by defendant on cross-examination.

Although proof aimed at establishing a motive to fabricate is never collateral and may not be excluded on that ground, a trial court may, in the exercise of its discretion, properly exclude such proof where it is too remote or speculative or where the cross-examination concerning such a motive is not proceeding upon some good-faith basis *(People v Stewart [Vance],* 188 AD2d 626, 627, *lv denied* 81 NY2d 977). Here, there was no abuse of discretion, the excluded questions being speculative and lacking any factual basis. Concur—Murphy, P. J., Rosenberger, Wallach, Ross and Rubin, JJ.