■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN RODRIGUEZ, Appellant. [629 NYS2d 211] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered August 19, 1993, convicting defendant, after jury trial, of crim-

inal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (two counts), and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years on each count, unanimously affirmed.

Giving due deference to the trial court's unique position for evaluation of the pertinent inquiry, the court properly dismissed for cause a venireperson who expressed his view that certain plainclothes police operations were "sneaky", on the ground that even after elicitation that the predisposition would be applied selectively, there remained a substantial risk that such predisposition would affect the ability of the individual in question to properly discharge his responsibilities as a juror in this case (*People v Williams*, 63 NY2d 882, 885).

The trial court properly ruled that defendant's cross-examination of the apprehending officer regarding his memo book entry in this case, and the display of that entry to the jury at defense counsel's direction, opened the door to admission of the entry by creating a question regarding the adequacy of the entry to thwart the impeachment attempt that could be properly evaluated by the jury only by admission of the entry itself (*see, People v Melendez*, 55 NY2d 445, 452). Further, the court appropriately exercised its discretion in denying defendant's application to recall the officer for additional questioning regarding the memo book entry, as defendant's offer of proof indicated only an intent to question the officer as to how review of the memo book entry did or did not serve to refresh his recollection of the incident, a matter already explored by defendant through cross-examination of the officer, with the benefit of the document in question (*see, People v Perry*, 203 AD2d 131, *lv denied* 83 NY2d 970).

Defendant did not preserve by exception his current claim of error in connection with the trial court's supplemental jury instruction, given in accordance with defendant's request, that the jury consider the absence of evidence, as well as the evidence presented. In any event, we find no error, as this charge was given at defendant's request, no exception was entered to the charge as given, and the charge as a whole was proper (*see, People v McFarlane*, 205 AD2d 447, *lv denied* 84 NY2d 870). Further, although defendant did not preserve by appropriate objection any claim of error regarding the trial court's jury charges on competent evidence, reasonable doubt, and sufficiency of evidence, these charges as a whole conveyed the appropriate legal principles (*see, People v Hurk*, 165 AD2d 687, *lv denied* 76 NY2d 1021). Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Tom, JJ.