■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERRELL MITCHELL, Appellant. [645 NYS2d 685] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting him of two counts of criminal sale of a controlled substance in the third degree and one count each of criminal possession of a controlled substance in the fifth and seventh degrees, arising from the sale of cocaine to an undercover officer on two separate occasions. Defendant failed to preserve for our review his contention that the People failed to present legally sufficient evidence of his knowledge of the weight of the cocaine (*see, People v Lawrence*, 85 NY2d 1002). There is no merit to his contentions that the People failed to sustain their burden of disproving the agency defense and that he was denied effective assistance of counsel.

Evidence that defendant previously engaged in other drug transactions is probative on issues relating to the agency defense (*see, People v Seay*, 176 AD2d 192, *lv denied* 79 NY2d 864; *People v Roman*, 174 AD2d 432, *lv denied* 78 NY2d 1014, 81 NY2d 1079), and County Court did not abuse its discretion in permitting cross-examination of defendant concerning his prior conviction of criminal sale of a controlled substance. Fur-

ther, the court did not err in allowing the People to cross-examine defendant concerning an uncharged crime committed in the interval between the two drug sales charged in the indictment. Defense counsel elicited testimony concerning that uncharged crime on cross-examination of a prosecution witness, thereby opening the door to cross-examination of defendant concerning the uncharged crime. In addition, the People's further examination of the prosecution witness concerning the uncharged crime was within the permissible bounds of redirect examination (*see, People v Melendez*, 55 NY2d 445, 451-452).

The court sentenced defendant as a second felony offender to an indeterminate term of imprisonment of 8 to 16 years on each count of criminal sale of a controlled substance in the third degree, to run consecutively. We conclude that the sentence is excessive, and we modify the judgment by reducing the sentence to $4^1/2$ to 9 years on each of those counts, to run concurrently.

We have reviewed the remaining issues raised by defendant in his *pro se* supplemental brief and conclude that they lack merit. (Appeal from Judgment of Ontario County Court, Harvey, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Pine, Callahan, Balio and Davis, JJ.