■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN CULLEN, Appellant. [653 NYS2d 747] —Judgment unanimously affirmed. Memorandum: County Court did not abuse its discretion in limiting the scope of defendant's cross-examination of a prosecution witness regarding the relationship between the witness's brother and defendant's wife. While proof of bias or hostility of a witness is not collateral (*see, People v Gilland,* 110 AD2d 1078), a court may, in the exercise of discretion, properly exclude such proof when it is too remote or speculative (*see, People v Thomas,* 46 NY2d 100, 105-106, *appeal dismissed* 444 US 891; *People v Stewart,* 188 AD2d 626, 627). Upon our review of the record, we conclude that the verdict is not contrary to the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). The record also establishes that defendant received meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147). The sentence imposed is not unduly harsh or severe. Defendant's remaining contentions are not

preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to address them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Arson, 3rd Degree.) Present—Green, J. P., Lawton, Fallon, Callahan and Boehm, JJ.