■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JATHER LAUDERDALE, Appellant. [662 NYS2d 860] —Casey, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered February 29, 1996, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant was charged with criminal sale of a controlled substance in the third degree arising from a sale of cocaine to an undercover State Police Investigator in the City of Elmira, Chemung County. Following a jury trial, at which he decided not to testify, defendant was convicted as charged and sentenced as a second felony offender to a term of imprisonment of 5 to 10 years.

At the commencement of the trial, County Court issued a *Sandoval* ruling in which it determined, *inter alia*, that should defendant take the stand, the People were precluded from introducing into evidence a 1991 conviction for criminal possession of a controlled substance (cocaine) in the seventh degree. The court also ruled that, although the prosecution could not question defendant about the underlying facts of a 1994 felony conviction for criminal possession of marihuana in the second degree, it could ask defendant whether he had been convicted of a felony in 1994 and what sentence he received.

After the People rested, defendant sought a trial order of dismissal and, in the course of his argument, he raised the defense of agency. Upon the denial of the motion and defense counsel's notification to the court that defendant would take the stand, the prosecution argued, and County Court agreed, that given the agency defense, the People should now be entitled to question defendant about his prior drug-related convictions.

We reject defendant's contention that County Court's mid-trial reversal of its earlier ruling precluding cross-examination on the underlying facts of his prior convictions of drug-related offenses deprived him of his due process right to present a defense. It is well settled that such evidence is admissible to rebut or disprove the agency defense (*see, People v Mitchell*, 229 AD2d 956, *lv denied* 88 NY2d 1070; *People v Askew*, 194 AD2d 341, 342, *lv denied* 84 NY2d 822; *People v Rosario*, 122 AD2d 85, *lv denied* 68 NY2d 816; *People v Monahan*, 114 AD2d 380, *lv denied* 67 NY2d 654).

Defendant's remaining contention that County Court erred in its charge to the jury with respect to accomplice liability and the agency defense has not been preserved for our review given his failure to object to said charge (*see,* CPL 470.05 [2]; *People v Miller*, 235 AD2d 568, 570-571; *People v Rotundo*, 194 AD2d 943, 944, *lv denied* 82 NY2d 726).

Mikoll, J. P., Crew III, White and Spain, JJ., concur. Ordered that the judgment is affirmed.