THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE RETZER, Appellant. [667 NYS2d 534] —Judgment unanimously affirmed. Memorandum: County Court did not abuse its discretion in excluding the testimony of defendant's nephew regarding an altercation between the nephew and a prosecution witness. "While proof of bias or hostility of a witness is not collateral (*see, People v Gilland,* 110 AD2d 1078), a court may, in the exercise of discretion, properly exclude such proof when it is too remote or speculative (*see, People v Thomas,* 46 NY2d 100, 105-106, *appeal dismissed* 444 US 891; *People v Stewart,* 188 AD2d 626, 627)" (*People v Cullen,* 236 AD2d 808, *lv denied* 89 NY2d 1010). We reject the contention of defendant that he was deprived of a fair trial by less than meaningful representation (*see, People v Flores,* 84 NY2d 184, 187). The evidence, viewed in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620, 621), is sufficient to support the conviction, and the verdict is not contrary to the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). The court properly denied defendant's motion to suppress physical evidence without conducting a hearing (*see, People v Mendoza,* 82 NY2d 415, 426). The court's limited disclosure of the contents of a prosecution witness's psychiatric records "properly balanced the interests of justice against the witness's needs for confidentiality" (*People v Arnold,* 177 AD2d 633, 634, *lv denied* 79 NY2d 853). The sentence imposed is not unduly harsh or severe. (Appeal from Judgment of Erie County Court, D'Amico, J.—Murder, 2nd Degree.) Present—Green, J. P., Lawton, Wisner, Callahan and Boehm, JJ.