■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARON E. DRISCOLL, Appellant. [675 NYS2d 151] —White, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered November 15, 1996, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

In November 1995, the Elmira Police Department recruited Cynthia Rice, an accused seller of cocaine, to aid them in an ongoing drug investigation. On November 16, 1995, under police supervision, Rice called defendant on his beeper number and, when he returned the call, their conversation arranging a

drug sale was tape recorded. Following the call, Rice went to a preselected location where she purchased crack cocaine from defendant's brother. This process was repeated on November 24, 1995, resulting in a second taped conversation between Rice and defendant. Thereafter, defendant was indicted, tried and convicted of two counts of the crime of criminal sale of a controlled substance in the third degree.* Defendant appeals.

At defendant's trial, Kathleen McCulley, the chemist who conducted the tests on the substances Rice purchased, did not testify. Instead, her laboratory notes were admitted into evidence under the business records exception to the hearsay rule (*see,* CPLR 4518). A chemist who worked with McCulley and was familiar with her work then utilized McCulley's notes in her testimony.

Defendant contends that County Court erred in admitting McCulley's notes since there was no finding that she was unavailable. This contention is misplaced because unavailability of the declarant is not a prerequisite to the admission of business records (*see, People v Buie,* 86 NY2d 501, 506). In any event, defendant's constitutional right of confrontation was not abridged inasmuch as he had the opportunity to cross-examine the chemist-witness (*see, People v Vega,* 225 AD2d 890, 893, *lv denied* 88 NY2d 943; *People v Torres,* 213 AD2d 797, 800-801, *lv denied* 86 NY2d 784).

Next, defendant takes issue with the admission of the tape of the November 24, 1995 conversation since the original tape was distorted and had to be enhanced by making a second tape using a variable speed control recorder. In our view, Rice's testimony that the tape was a complete and accurate reproduction of the subject conversation, augmented with proof that the enhancement did not change the tape's content, provided the requisite foundation for its admission (*see, People v Ely,* 68 NY2d 520, 527).

Defendant also argues that Rice and Police Officer David Townshend should not have been allowed to identify his voice on the tapes due to the People's failure to serve a CPL 710.30 notice. We disagree. By moving to suppress the identification testimony, defendant obviated the need for a CPL 710.30 notice (*see, People v Kirkland,* 89 NY2d 903). Further, the notice was not required since the identifications were confirmatory (*see, People v Rodriguez,* 79 NY2d 445, 449) and there was not a police-arranged identification procedure (*see, Matter of Shellito D.,* 226 AD2d 1075; *People v Bello,* 219 AD2d 657).

---

* Defendant's brother was also indicted and later entered a plea of guilty to the crime of criminal sale of a controlled substance in the third degree.

Besides these arguments, defendant maintains that County Court should not have permitted the jury to listen to the tapes during its deliberations as they were not played during the trial. Where a tape was inaudible, we have found this procedure to be error (see, People v Beasley, 98 AD2d 946, affd 62 NY2d 767). Here, while the jury was provided with a recording device, the record does not indicate that it played the tapes. More importantly, defendant introduced transcripts of the taped conversations into evidence, which transcripts, standing alone, established the tape's audibility (see, People v Quinlan, 117 AD2d 841, 843, lv denied 67 NY2d 888). Thus, we conclude that any claimed error by County Court in this regard was harmless.

We now address defendant's claim that he was denied effective assistance of counsel due to his attorney's failure to exercise a peremptory challenge to remove a prejudicial juror. As often stated, effective assistance of counsel does not require perfect representation but rather is satisfied when the attorney provides meaningful representation, or stated differently, exhibits reasonable competence (see, People v Ford, 86 NY2d 397, 404; People v Pray, 199 AD2d 646, lv denied 83 NY2d 809). While the juror expressed reservations about deciding credibility issues, defense counsel's failure to excuse him did not imperil the integrity of the trial or irreparably prejudice defendant since the juror's sentiments did not indicate that he believed defendant to be guilty or that he harbored an unfavorable opinion of defendant that rendered him incapable of reaching an impartial verdict (see, People v Langlois, 192 AD2d 877).

Pointing out that the central issue in this case was the identification of his voice on the tapes, defendant further faults his counsel's performance, citing his failure to request an expanded identification charge. Although such a charge may have been warranted, its absence did not seriously compromise defendant's right to a fair trial given County Court's full instructions to the jury regarding its duty to determine credibility and to weigh Rice's credibility in light of her criminal history and interest (see, People v Knight, 87 NY2d 873, 874; People v Snyder, 240 AD2d 874, lv denied 91 NY2d 881). Thus, viewing the evidence, law and circumstances of this case in totality as of the time of representation (see, People v Baldi, 54 NY2d 137, 147), we find that defendant received meaningful representation since defense counsel made appropriate pretrial motions, presented cogent opening and closing statements, engaged in effective cross-examination and presented an alibi defense (see, People v Nartowicz, 237 AD2d 625; People v Coleman, 235 AD2d 928, lv denied 89 NY2d 1033).

The other issues raised by defendant do not require extended discussion. Applying the appropriate standard (*see, People v Cabey*, 85 NY2d 417, 420), the evidence was legally sufficient to support a finding of guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). We reject defendant's challenge to County Court's *Sandoval* ruling because the court appropriately exercised its discretion by weighing the probative value of the evidence concerning defendant's prior bad acts against the prejudicial impact of such evidence, resulting in a ruling that precluded or limited consideration of some convictions and allowed inquiry regarding those convictions it felt evinced a willingness on defendant's part to place his interest above that of society (*see, People v Dokes*, 79 NY2d 656, 661; *People v Beverly*, 220 AD2d 881, 884, *lv denied* 87 NY2d 898). We have reviewed defendant's remaining contentions, finding them either unpreserved for our review or unpersuasive.

Finally, given defendant's lengthy criminal history, the fact that his sentence as a second felony offender was within the applicable statutory parameters (Penal Law § 70.06 [3] [b]; [4] [b]), and County Court's authority to impose consecutive sentences in this instance, we cannot say that County Court abused its discretion in imposing consecutive prison terms of 7½ to 15 years upon defendant (*see, People v Ramirez*, 89 NY2d 444, 451; *People v Naranjo*, 89 NY2d 1047, 1049; *People v Randolph*, 240 AD2d 856, 857, *lv denied* 91 NY2d 878; *People v Tunstall*, 197 AD2d 791, 793, *lv denied* 83 NY2d 811). Accordingly, we decline to disturb the sentence.

Mercure, J. P., and Spain, J., concur.

Carpinello, J. (concurring in part and dissenting in part). We agree with the majority's conclusion that defendant's convictions should be affirmed; however, we are of the opinion that the imposition of consecutive sentences aggregating 15 to 30 years for these convictions is harsh and excessive (*see, e.g., People v Mitchell*, 229 AD2d 956, 957, *lv denied* 88 NY2d 1070). Accordingly, we respectfully dissent on this narrow issue.

While County Court was clearly authorized to impose consecutive sentences, and, while the sale of *any* drugs is totally unacceptable and should not be tolerated in our communities, we are convinced that the imposition of concurrent sentences of 7½ to 15 years is a severe enough penalty not only to punish the conduct for which defendant was convicted but also to discourage others from similar activity. It is also consistent

with sentences recently imposed on other second felony offenders convicted of two counts of criminal sale of a controlled substance in the third degree (*see, e.g., People v Marsh*, 248 AD2d 743; *People v Wilson*, 247 AD2d 267, *lv denied* 91 NY2d 946; *People v Perez*, 246 AD2d 335; *People v Hillendale*, 244 AD2d 911; *People v Mitchell, supra; People v Coleman*, 170 AD2d 756, *lv denied* 77 NY2d 993). For these reasons, we would modify the judgment of County Court to provide that defendant's sentences run concurrently.

Peters, J., concurs. Ordered that the judgment is affirmed.