THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN P. WRONSKI, JR., Appellant. [716 NYS2d 512] —Judgment unanimously affirmed. Memorandum: Defendant was convicted after a jury trial of two counts each of sodomy in the first degree (Penal Law § 130.50 [3]) and sexual abuse in the first degree (Penal Law § 130.65 [3]) and one count of sodomy in the second degree (Penal Law § 130.45). The victim was 14 years old at the time of trial in March and April 1999, and the indictment alleged that the acts of sodomy and sexual abuse were committed in October 1993, September 1994 and December 1995. Defendant had been prosecuted in 1989 for assault in the third degree for burning the victim, who was then four years old, with a cigarette. During the trial court's voir dire of the victim in the assault trial, he admitted that he had burned himself on a toaster and that his mother had instructed him to falsely accuse defendant. In the present trial, County Court granted the *in limine* motion of the prosecutor seeking to preclude cross-examination on or evidence concerning the information elicited on the 1989 voir dire.

We reject the contention of defendant that the court's preclusion ruling violated his constitutional right to confront the witnesses against him. Contrary to defendant's assertion, the court did not preclude defendant from cross-examining the victim or his sister on the subject of whether his mother had induced him to falsely accuse defendant in connection with the sodomy and sexual abuse charges for which defendant was on trial; the motion and ruling were limited to the 1989 incident. Although a defendant's right to elicit evidence "tending to establish a reason to fabricate" is never collateral (*People v Hudy*, 73 NY2d 40, 56; *see,* US Const Sixth Amend; NY Const, art I, § 6; *People v Chin*, 67 NY2d 22, 27-28; *People v Ashner*, 190 AD2d 238, 248), "a court may, in the exercise of discretion,

properly exclude such proof when it is too remote or speculative (*see, People v Thomas,* 46 NY2d 100, 105-106, *appeal dismissed* 444 US 891; *People v Stewart,* 188 AD2d 626, 627)" (*People v Cullen,* 236 AD2d 808, *lv denied* 89 NY2d 1010; *see, People v Retzer,* 245 AD2d 1132, *lv denied* 91 NY2d 976). Here, the evidence precluded was both remote and speculative because the incident occurred 10 years earlier, when the victim was only four years old.

We reject the further contentions of defendant that, based on the court's preclusion ruling, he was denied effective assistance of counsel, and that the sentence is unduly harsh or severe. (Appeal from Judgment of Niagara County Court, Fricano, J.— Sodomy, 1st Degree.) Present—Pine, J. P., Wisner, Scudder and Kehoe, JJ.