■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MANUEL ORTEGA, Respondent. [740 NYS2d 539] —Appeal from an order of Supreme Court, Monroe County (Fisher, J.), dated April 11, 2000, which granted defendant's motion to set aside the verdict.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law, the motion is denied, the verdict is reinstated and the matter is remitted to Supreme Court for sentencing.

Memorandum: Supreme Court erred in granting defendant's

motion to set aside the verdict pursuant to CPL 330.30 (1). Contrary to defendant's contention, the court properly limited the cross-examination of the nine-year-old victim at trial and thus erred in thereafter concluding that its prior ruling was erroneous and in setting aside the verdict on that ground. Evidence that might establish the bias, hostility or interest of a witness is "generally admissible as relevant to the jury's consideration of that witness's credibility" (*People v Shairzai*, 215 AD2d 259, 263, *lv denied* 86 NY2d 802). "[E]xtrinsic proof tending to establish a reason to fabricate is never collateral and may not be excluded on that ground" (*People v Hudy*, 73 NY2d 40, 56). On the other hand, "a court may, in the exercise of discretion, properly exclude such proof when it is too remote or speculative" (*People v Retzer*, 245 AD2d 1132, 1132, *lv denied* 91 NY2d 976 [internal quotation marks omitted]; *see, People v Wronski*, 277 AD2d 999, 999-1000; *People v Cullen*, 236 AD2d 808, *lv denied* 89 NY2d 1010; *People v Stewart [Vance]*, 188 AD2d 626, 627, *lv denied* 81 NY2d 977). "[C]ross-examination aimed at establishing a possible reason to fabricate must proceed upon some good-faith basis" (*People v Barney*, 277 AD2d 460, 460, *lv denied* 96 NY2d 825; *see, People v Perry*, 203 AD2d 131, *lv denied* 83 NY2d 970; *People v Stewart, supra* at 627).

Here, defendant sought to cross-examine the victim concerning an altercation between her father and defendant. The altercation occurred after the victim had revealed to her mother and the police incidents of sexual abuse involving defendant, but before she testified before the grand jury and at trial. Defendant's contention that the victim's observation of the altercation induced the victim to "stick to her story" during her grand jury and trial testimony is "purely speculative and lacked any factual basis" (*People v Barney, supra* at 460). We therefore reverse the order, deny the motion, reinstate the verdict and remit the matter to Supreme Court for sentencing. Present—Pigott, Jr., P.J., Pine, Scudder, Burns and Gorski, JJ.