■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER L. POOLE, Appellant. (Appeal No.1.) [866 NYS2d 468]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered July 20, 2005. The judgment convicted defendant, after a jury trial, of robbery in the first degree and robbery in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of robbery in the first degree (Penal Law § 160.15 [4]) and robbery in the second degree (§ 160.10 [1]). Defendant contends that he was deprived of his right to present a defense when County Court ruled that he was precluded from cross-examining the People's witnesses on the subject of a shooting that occurred at the residence of defendant's mother several hours after the robbery at issue. We note at the outset that we reject the People's assertion that defendant failed to preserve his contention for our review. The record establishes that, in response to defense counsel's objection to the court's ruling, "the court expressly decided the question raised on appeal" (CPL 470.05 [2]). Nevertheless, we reject defendant's contention. According to defendant, the evidence of the shooting was admissible because it established a possible motive for the robbery victim to fabricate his testimony against defendant. Although "extrinsic proof tending to establish a reason to fabricate is never collateral and may not be excluded on that ground" (*People v Hudy*, 73 NY2d 40, 56 [1988], *abrogated on other grounds by Carmell v Texas*, 529 US 513 [2000]), the court may in its discretion exclude such proof if it is too remote or speculative (*see People v Garcia*, 47 AD3d 830 [2008], *lv denied* 10 NY3d 863 [2008]; *see also People v Retzer*, 245 AD2d 1132 [1997], *lv denied* 91 NY2d 976 [1998]). Here, the court did not abuse its discretion in determining that the proposed cross-examination was too speculative to establish a motive for fabrication (*see Garcia*, 47 AD3d at 831; *People v Ortega*, 292 AD2d 792 [2002], *lv denied* 98 NY2d 679 [2002]). Present—Smith, J.P., Lunn, Fahey and Peradotto, JJ.