# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

964

KA 09-02542

PRESENT: SCUDDER, P.J., FAHEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

GREGORY JOHNSON, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered October 19, 2009. The judgment convicted defendant, after a nonjury trial, of criminal sexual act in the second degree (two counts) and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a nonjury verdict, of two counts of criminal sexual act in the second degree (Penal Law § 130.45 [1]) and one count of endangering the welfare of a child (§ 260.10 [1]). We reject defendant's contention that Supreme Court erred in refusing to suppress his statement to the police. Even assuming, arguendo, that defendant was in custody when he made the statement, we conclude that the evidence presented at the suppression hearing supports the court's determination that defendant knowingly, voluntarily, and intelligently waived his *Miranda* rights before making the statement (*see People v Peterkin*, 89 AD3d 1455, 1455, *lv denied* 18 NY3d 885). Contrary to defendant's contention, "the record of the suppression hearing fails to establish that he was intoxicated at the time he waived those rights 'to the degree of mania, or of being unable to understand the meaning of his statements' " (*id.* at 1455, quoting *People v Schompert*, 19 NY2d 300, 305, *cert denied* 389 US 874).

Defendant also contends that he was denied his constitutional right to present a defense based on the refusal of County Court, which conducted the nonjury trial, to admit in evidence a neglect petition filed in Family Court against the victim's mother. That contention is not preserved for our review (*see People v Lane*, 7 NY3d 888, 889; *People v Baxter*, 108 AD3d 1158, 1160). In any event, it is well settled that the "right to . . . present a defense is not absolute"

(*People v Williams*, 81 NY2d 303, 313), and we conclude that the petition was "too remote or speculative" to establish that the victim's mother was attempting to manipulate the victim into fabricating allegations of sexual abuse against defendant, who planned to file for custody of the victim (*People v Poole*, 55 AD3d 1349, 1350, *lv denied* 11 NY3d 929).

Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "[N]othing in the record suggests that the victim was 'so unworthy of belief as to be incredible as a matter of law' or otherwise tends to establish defendant's innocence of those crimes . . . , and thus it cannot be said that the [court] failed to give the evidence the weight it should be accorded" (*People v Woods*, 26 AD3d 818, 819, *lv denied* 7 NY3d 765; *see People v Ludwig*, 104 AD3d 1162, 1164).

Finally, we reject defendant's challenge to the severity of the sentence. Defendant, a second felony offender, was convicted of engaging in oral and anal sexual contact with his 13-year-old son. "[T]he statement of defendant that he is HIV positive, without any additional information as to the state of his health, is insufficient to warrant a reduction of the sentence" (*People v Scott*, 101 AD3d 1773, 1774). Furthermore, defendant's crack cocaine addiction and HIV positive status "were before the court at the time of sentencing . . . [and] [t]hus, defendant has not established 'extraordinary circumstances . . . that would warrant a reduction of the sentence as a matter of discretion in the interest of justice' " (*id.*). Although the seven-year sentence is longer than the plea offer of two years, "a sentence imposed after trial may be more severe than a promised sentence in connection with a plea agreement" (*People v Chapero*, 23 AD3d 492, 493, *lv denied* 6 NY3d 846).

Entered:  September 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court