■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DORSEY HADDEN, Appellant. — Judgment of the Supreme Court, New York County (Kelley, J.), rendered on September 17, 1980, convicting defendant upon a jury verdict of burglary in the third degree and criminal possession of stolen property in the third degree, unanimously reversed, on the law and as a matter of discretion in the interest of justice, and remanded for a new trial. Defendant Hadden was convicted on the theory that he unlawfully entered complainant Watts' apartment and wrongfully took a television set. Hadden was sentenced as a predicate felon. On direct examination Watts' roommate testified that he had not authorized Hadden to enter the apartment. On cross-examination defense counsel sought to question the roommate about an encounter in which he criticized Watts for giving Hadden the television. The Trial Judge denied this cross-examination as collateral or beyond the scope of the roommate's testimony on direct examination. The rule that the scope of cross-examination

must be limited to that of the direct examination exists chiefly to prevent the cross-examiner from cluttering up the direct examiner's case with unfavorable and extraneous facts when he could make the witness his own. However, this rule is often relaxed in criminal proceedings where the testimony would be material to major issues in the case. (*People v Tice,* 131 NY 651; *People v Kennedy,* 70 AD2d 181, 186.) "In the interest of justice, the court may permit either party to offer evidence upon rebuttal which is not technically of a rebuttal nature but more properly a part of the offering party's original case." (CPL 260.30, subd 7.) In this case the court should have exercised its discretion to allow defense counsel to proceed with the cross-examination. The room-mate's testimony was central to the defense raised, namely, the claim that the taking of the television set had been authorized. The court also erred in precluding defense counsel from calling a witness to testify concerning Watts' written statement exculpating the defendant. The fact that Watts admitted that he voluntarily signed the statement does not render any further testimony irrelevant. Defense counsel sought to establish that Watts acted with full knowledge of the contents of the statement despite his illiteracy and habitual drunkenness. The issue of validity of the exculpatory statement is not collateral, but rather goes directly to the issue of wrongful entry, an element of the crime charged. Finally, defense counsel should have been permitted to call this witness if only to reinforce in the minds of the jurors that the parties were drinking companions who had had a falling out. The exculpatory statement evidences Watts' initial desire to keep his cohort out of jail. In the new trial, defense counsel should be allowed to explore the nature of the relationship between Watts and Hadden in order to put the matter in proper perspective. Concur — Kupferman, J. P., Sandler, Sullivan, Bloom and Alexander, JJ.