■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO RODRIGUEZ, Appellant.—Judgment of the Supreme Court, Bronx County (William T. Martin, J., at hearing, trial and sentencing), rendered September 26, 1988, convicting defendant, after a trial by jury, of assault in the first degree (Penal Law § 120.10 [1]) and sentencing him to an indeterminate term of imprisonment of 5 to 15 years, unanimously affirmed.

Defendant was charged, *inter alia,* with the beating of his girlfriend. Defendant argues that he was denied the right to present a defense when the court precluded him from cross-examining complainant about whether someone else had beaten her in the past. This issue is unpreserved for appellate review because defendant never took an exception at the time of trial. Even if the court were to reach the issue, it would be meritless. It is within the court's discretion to determine the nature and extent of cross-examination. *(People v Schwartzman,* 24 NY2d 241, 244, *cert denied* 396 US 846.) The defense's questioning of the complainant on an unrelated matter which occurred on a different date was a collateral issue. Such questioning, without more, was not exculpatory *(cf., People v Hadden,* 95 AD2d 725; *People v Torres,* 51 AD2d 225). Furthermore, it was insufficient to indicate that the complainant had a motive to lie. *(Cf., People v Murtha,* 63 AD2d 579.)

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction of sentence. *(People v Farrar,* 52 NY2d 302, 305.) Concur—Murphy, P. J., Ross, Asch and Wallach, JJ.