■ The People of the State of New York, Respondent, v Donald Collins, Appellant.—Judgment of the Supreme Court, New York County (Stephen G. Crane, J., at trial with a jury), rendered February 8, 1989, convicting defendant of rape in the first degree and sexual abuse in the first degree and sentencing defendant to concurrent, indeterminate terms of imprisonment of 6 to 18 years and 2⅓ to 7 years, respectively, is unanimously affirmed.

At trial, defendant's stepdaughter testified that defendant raped her on her eighth birthday. The attack occurred while she and defendant were home alone, and it was not until months later that the youngster told her cousin of the attack. The prosecution's medical witnesses testified that the child's wider than normal vaginal opening was consistent with penetration, as well as innocent activity. The child's complaint was "validated" by a senior psychologist who testified that she believed the child's complaint. The defendant's medical experts testified that the child's physical appearance was not significant and that the validation procedure was flawed. Notwithstanding that defendant tested positive for AIDS, the source of the child's AIDS infection could not be identified by any of the experts.

Defendant's claim that the weight of the evidence did not support the verdict is without merit. The account of the 10-year-old victim was marked by details. She waited months to report the attack, but her fear of defendant explained why she did not make a prompt outcry. Her mother's death (from AIDS) and the attending transfer of the victim's physical custody to her grandmother also served to explain the timing of the victim's accusation. Neither the conflicting medical testimony nor the victim's testimony that the penetration "hurt a little" and "tickled" establishes that the jury's verdict was based on insufficient evidence. It was within the province of the jury to reject the testimony of the defense experts and to accept the victim's version of the facts. Rape is completed upon the slightest penetration, and the absence of conclusive medical corroboration does not negate the credible evidence furnished by the child victim.

Defendant also fails to establish that the trial court abused its discretion in finding the 10-year-old victim competent to give sworn testimony. (CPL 60.20.) The trial court properly ascertained that the victim had sufficient intelligence to understand the nature of the oath and to give a reasonably accurate account of what had happened. *(People v Parks,* 41 NY2d 36, 45.)

In context, the prosecutor's comments in summation did not deprive defendant of a fair trial. Concur—Rosenberger, J. P., Kassal, Wallach, Smith and Rubin, JJ.