■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HILTON WILLIAMS, Appellant.—Judgment of the Supreme Court, Bronx County (Bonnie Wittner, J.), rendered February 23, 1988, convicting defendant after a jury trial, of five counts of rape in the first degree, five counts of rape in the second degree, sodomy in the first degree, sodomy in the second degree, and sexual abuse in the first degree, and sentencing him to concurrent indeterminate terms of imprisonment of from 6 to 18 years on the first degree rape counts, 7 to 21 years on the first degree sodomy count, and 2⅓ to 7 years on the second degree rape, second degree sodomy and first degree sexual abuse counts, unanimously affirmed.

The evidence at trial established that in January, April, September and December of 1986, defendant forced the two daughters of a close friend to engage in various sexual acts with him at their home in their father's absence.

Although defendant contends that his guilt was not established beyond a reasonable doubt, the inconsistencies and contradictions in the sisters' testimony merely presented questions of credibility for the jury to resolve *(People v Jones,* 165 AD2d 103, 108, *lv denied* 77 NY2d 962). On this record, it cannot be said that the jury's verdict was unsupported by sufficient evidence. Moreover, the motive to lie now attributed to the father and his girlfriend was never raised at trial, and, at best, is pure speculation on the part of appellate counsel. Finally, there is no requirement that the People must provide conclusive medical corroboration linking defendant to the acts charged *(People v Collins,* 166 AD2d 270, *lv denied* 76 NY2d 1020).

Defendant's claim that the trial court improperly precluded him from inquiring into the relationship between the father

and the victims is similarly without merit. It is well-settled that the trial court has broad discretion to limit the scope of cross-examination *(People v Sorge,* 301 NY 198, 202). Here, defendant could make no substantial offer of proof *(People v Rodriguez,* 161 AD2d 255, *lv denied* 76 NY2d 864), and conceded as much, in his application to pursue this particular line of inquiry.

There is no merit to defendant's remaining claim that the prosecutor became an unsworn witness by questioning him regarding the content of his interview by the Criminal Justice Agency after his arrest. Concur—Murphy, P. J., Sullivan, Milonas, Rosenberger and Asch, JJ.