■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT JONES, Appellant.—Judgment, Supreme Court, Bronx County (Nicholas Figueroa, J.), rendered August 1, 1989, convicting defendant after a jury trial of criminal sale of a controlled substance in the fifth degree, and sentencing him to an indeterminate term of imprisonment of 2-½ to 5 years, and judgment of the same court and Justice rendered the same date convicting defendant upon his plea of guilty of bail jumping in the second degree, and sentencing him to a concurrent, indeterminate term of imprisonment of 1-½ to 3 years, unanimously affirmed.

Defendant was convicted at trial of selling ten valium pills to an undercover officer for five dollars. A few minutes after the transaction was consummated near the Grand Concourse and Burnside Avenue, defendant was arrested. None of the buy money was recovered. During cross-examination of the police witnesses, defendant established there was a variety of equipment that the police could have used to make a contemporary video and audio record of the purchase. Objections blocked some of counsel's cross-examination to the effect that pictures or recordings would have constituted "good" or "helpful" evidence. After the People rested, the court told the jury, that it would decide the case on the basis of "what was done * * * not what might have been done."

After counsel argued in summation that the jury should draw inferences on the decision of the police not to use equipment to record the transaction, the court interjected that the jury would decide the case "not on what could have been done, but on what was done."

Defendant now argues that his cross-examination of the officers was curtailed and that the court improperly told the jury not to give any weight to the lack of evidence to corrobo-

rate the undercover officer's identification testimony. However, defendant's claims are not preserved. Counsel did not take exception or object to the court's admonitions to the jury (CPL 470.05 [2]), and it was within the court's discretion to determine the nature and extent of cross-examination (People v Rodriguez, 161 AD2d 255, lv denied 76 NY2d 864). Moreover, were we to review in the interests of justice, we would find the claim to be without merit. The questions that were met with objections on cross-examination called for the witnesses' opinion about the value of corroborating identification, and counsel was otherwise successful in establishing that the identification by the undercover officer was not corroborated. Moreover, the court's main charge plainly stated that a reasonable doubt could rest on the lack or insufficiency, as well as the nature and quality of the evidence presented. Thus when the court's instructions to the jury are viewed in their entirety, it is apparent that the jury was properly advised on how to consider the fact that the police did not make a contemporaneous recording of the transaction. Concur—Murphy, P. J., Sullivan, Milonas, Rosenberger and Asch, JJ.