Judgment, Supreme Court, Bronx County (William I. Mo *539 gulescu, J.), rendered January 14, 2011, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the fourth degree, and sentencing him to an aggregate term of 17 years to life, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Moreover, we find that the evidence was overwhelming. There is no basis for disturbing the jury’s credibility determinations. Defendant inflicted a stab would to the victim’s throat that severed the carotid artery, a stab wound to the head that penetrated the skull and brain, and three stab or puncture wounds to the back. Thus, defendant clearly evinced an intent to cause death rather than serious injury (see e.g. People v Ross, 270 AD2d 36 [1st Dept 2000], lv denied 95 NY2d 803 [2000]). Medical evidence, police observations, and evidence demonstrating defendant’s consciousness of guilt overwhelmingly refuted his implausible justification defense.
The court properly exercised its discretion when it placed reasonable limitations on defendant’s testimony concerning his knowledge of the victim’s prior violent acts. The court permitted defendant to testify about his knowledge of the victim’s gang membership and his involvement in violent incidents, while precluding other such evidence that had little additional probative value (see People v Miller, 39 NY2d 543, 552-553 [1976]). To the extent any of the court’s restrictions could be viewed as erroneous, we find them to be harmless (see People v Umali, 10 NY3d 417, 429 [2008]). Under the circumstances of the case, defendant’s justification defense did not turn on the extent of his knowledge of the victim’s violent past, and that type of evidence had little bearing on the actual justification issues presented at trial. Defendant did not preserve his claim that the court’s limitations deprived him of his constitutional right to present a defense (see People v Umali, 10 NY3d at 428-429; People v Lane, 7 NY3d 888, 889 [2006]), and we decline to review it in the interest of justice. As an alternate holding, we reject it on the merits (see Crane v Kentucky, 476 US 683, 689-690 [1986]).
Defendant’s challenges to the prosecutor’s summation are unpreserved (see People v Romero, 7 NY3d 911 [2006]), and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D’Alessandro, 184 AD2d 114 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). The court took appropriate curative ac *540 tions where applicable, and properly exercised its discretion in denying defendant’s postsummations mistrial motion. Any improprieties in the summation constituted harmless error in light of the overwhelming evidence of defendant’s guilt (see People v Crimmins, 36 NY2d 230 [1975]).
Concur—Mazzarelli, J.E, Friedman, Saxe and Feinman, JJ.