People v Gaccione (2022 NY Slip Op 02500)

People v Gaccione

2022 NY Slip Op 02500

Decided on April 14, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 14, 2022

Before: Acosta, P.J., Kern, González, Shulman, JJ. 

Ind. No. 1171/10 Appeal No. 15718 Case No. 2012-02582 

[*1]The People of the State of New York, Respondent,
v
Paul F. Gaccione, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Nicole Neckles of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Seth L. Marvin, J.), rendered September 12, 2012, convicting defendant, after a jury trial, of murder in the second degree and sentencing him to a term of 20 years to life, unanimously affirmed.
Defendant's legal insufficiency claim is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its evaluation of testimony given pursuant to cooperation agreements. The testimony of defendant's accomplice was corroborated by other evidence, including the testimony of a nonaccomplice to whom defendant confessed shortly after the homicide.
The court providently exercised its discretion in admitting evidence of defendant's conviction of witness tampering for a 1990 incident, two years before the homicide at issue. This evidence was probative of defendant's desire to increase his status with, and become a "made" member of, the Genovese crime family, which was the alleged motive for defendant's participation in the homicide. The uncharged crime was also probative of defendant's relationship with the cooperating nonaccomplice witness, who was involved in the same 1990 incident, and the evidence tended to explain why defendant confessed his role in the homicide to this witness (see generally People v Alvino, 71 NY2d 233, 241-242 [1987]). The uncharged crime did not involve any violent acts, and its probative value outweighed any potential for prejudice, which was minimized by the court's thorough limiting instructions.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 14, 2022