People v Pugh (2023 NY Slip Op 02836)

People v Pugh

2023 NY Slip Op 02836

Decided on May 25, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 25, 2023

Before: Manzanet-Daniels, J.P., Singh, Moulton, Shulman, Higgitt, JJ. 

Ind No. 2605/16 Appeal No. 324 Case No. 2017-03420 

[*1]The People of the State of New York, Respondent,
v
Terrance Pugh, Defendant-Appellant.

Feldman & Feldman, Manhasset (Arza Feldman of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Karl Z. Deuble of counsel), for respondent.

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered July 18, 2017, convicting defendant, after a jury trial, of murder in the second degree, criminal possession of a weapon in the second degree (four counts), criminal sale of a controlled substance in the third degree (seven counts), and conspiracy in the fourth degree, and sentencing him, as a second felony drug offender, to an aggregate term of 47 years to life, unanimously affirmed.
Defendant's claim that the evidence was legally insufficient to disprove his justification defense is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its rejection of defendant's testimony supporting his justification defense. Defendant testified that he fired in the victim's direction after the victim took out a handgun and threatened defendant. However, a text message that defendant sent to his drug-trafficking associate before the incident expressed an intent to harm the victim, and an intercepted phone call defendant made to the same person after the shooting conveyed an account that was entirely inconsistent with self-defense. Furthermore, police officers examined the crime scene only minutes after the shooting and found no gun. The bullet casing locations were not consistent with defendant's account that he stood still while firing wildly. Forensic evidence, including an autopsy establishing that two of the gunshots were fired from behind the victim, also tended to disprove defendant's justification defense.
Defendant claims that the court improperly prevented him from testifying about his awareness that the victim regularly carried a firearm and that the victim committed a violent act shortly before the shooting. These claims are unpreserved, because defendant did not present his constitutional arguments or make offers of proof articulating the bases for admissibility he now asserts (see People v Natal, 94 AD3d 619 [1st Dept 2012], lv denied 19 NY3d 976 [2012]). We decline to review them in the interest of justice. As an alternative holding, we find that defendant was not prejudiced by any purported errors, and that there was no violation of his right to present a defense (see Crane v Kentucky, 476 US 683, 689-690 [1986]). The excluded evidence would have added nothing to defendant's justification defense. Defendant's claim was not that he feared the victim might be carrying a weapon, but that the victim actually brandished one (see People v Elston, 118 AD3d 538, 539 [1st Dept 2014] ["Under the circumstances of the case, defendant's justification defense did not turn on the extent of his knowledge of the victim's violent past, and that type of evidence had little bearing on the actual justification issues presented [*2]at trial"], lv denied 24 NY3d 960 [2014]). As for the victim's alleged prior violent act, the jury heard other evidence of defendant's awareness of that incident, as well as other violent acts by the victim (see People v Starostin, 265 AD2d 267, 268 [1st Dept 1999] [finding error harmless "since defendant was allowed to present other evidence of the complainant's threatening behavior"], lv denied 94 NY2d 885 [2000]; People v Ross, 197 AD2d 713, 714 [2d Dept 1993] [affirming conviction where rejected testimony was cumulative of testimony regarding other violent acts by victim], lv denied 82 NY2d 902 [1993]).
We have considered and rejected defendant's ineffective assistance of counsel claims (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that counsel's failure to preserve his insufficiency argument, his challenge to evidentiary objections, or his constitutional issues deprived defendant of a fair trial or affected the outcome of the case.
The consecutive sentences for murder and weapon possession challenged on appeal were lawful (see generally People v Brown, 21 NY3d 739 [2013]). Defendant testified that he possessed the weapon prior to the shooting to facilitate the sale of drugs. Moreover, defendant still possessed the weapon when he was arrested, days after the shooting. Thus, defendant's possession on that date was separate and distinct from the shooting (compare People v Harris, 115 AD3d 761, 763 [2d Dept 2014] [finding consecutive sentences improper where "no evidence was introduced that the defendant possessed the gun after the shooting"], lv denied 23 NY3d 1062 [2014]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 25, 2023