People v Vasquez (2025 NY Slip Op 01193)

People v Vasquez

2025 NY Slip Op 01193

Decided on March 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 04, 2025

Before: Kern, J.P., Singh, Friedman, Scarpulla, Shulman, JJ. 

Ind. No. 3858/08|Appeal No. 3812-3812A|Case No. 2011-02222, 2022-03451|

[*1]The People of the State of New York, Respondent,
v
Jeromi Vasquez, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (David Bernstein of counsel), and Cravath, Swaine & Moore LLP, New York (Jesse M. Weiss of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (T. Charles Won of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Judith Lieb, J.), rendered July 7, 2011, convicting defendant, after a jury trial, of manslaughter in the first degree and attempted assault in the first degree, and sentencing him to an aggregate term of 22½ years, unanimously affirmed. Order, same court and Justice, entered on or about May 12, 2022, which, to the extent appealed from as limited by the briefs, denied defendant's CPL 440.10 motion to vacate his conviction based on ineffective assistance of counsel, unanimously affirmed.
Defendant received effective assistance of counsel under the state and federal standards (see Strickland v Washington, 466 US 668 [1984]; People v Benevento, 91 NY2d 708, 713-714 [1998]). The evidence at the CPL 440.10 hearing established that counsel was not ineffective for not moving to strike witness testimony after the witness, on cross-examination, invoked his Fifth Amendment privilege on questions collateral to his direct examination. The court found trial counsel's testimony credible that the questions were related to impeachment and thus collateral (see People v Walker, 188 AD3d 1274, 1274 [2d Dept 2020], lv denied 36 NY3d 1060 [2021]). Counsel was not obligated to make a motion that was likely to fail (see People v Caban, 5 NY3d 143, 152 [2005]). Nor was counsel's strategic decision to pursue as a theory of defense that there was a single shooter based on the existence of a bullet shell outside of the immediate area of the shooting which lacked any trace evidence linking it to the crime, coupled with witness's testimony of a single shooter, ineffective assistance. True ineffectiveness is not equivalent to mere losing tactics. That defendant disagrees with counsel's strategy or tactics does not make counsel's representation ineffective, even if it was ultimately unsuccessful (see People v Honghirun, 29 NY3d 284, 290 [2017]; People v Mathews, 228 AD3d 521, 522-523 [1st Dept 2024], lv denied 42 NY3d 1021 [2024]). With respect to defendant's contention that the People's cross-examination of his mother exceeded the scope of direct examination, "in a criminal case, a party may prove through cross-examination any relevant proposition, regardless of the scope of direct examination" (People v Joslyn, 103 AD3d 1254, 1256 [4th Dept 2013], lv denied 21 NY3d 944 [2013], quoting People v Sanders, 2 AD3d 1420, 1420-1421 [4th Dept 2003]; see People v Hadden, 95 AD2d 725, 726 [1st Dept 1983]). Nor did the People's single, qualified misrepresentation of the mother's testimony during summation rise to a "flagrant and pervasive level of misconduct" that deprived defendant of due process or rendered counsel ineffective (People v Lively, 163 AD3d 1466, 1469 [4th Dept 2018], lv denied 32 NY3d 1065 [2018]; People v Villa, 174 AD3d 438, 439 [1st Dept 2019], lv denied 34 NY3d 1019 [2019]).
Defendant's claim that he was denied due process when the trial court limited the time frame of his rebuttal testimony is unpreserved, and we decline to [*2]reach in the interest of justice (see People v Elston, 118 AD3d 538, 539 [1st Dept 2014], lv denied 24 NY3d 960 [2014]; People v King, 116 AD3d 424, 425 [1st Dept 2014], lv denied 24 NY3d 962 [2014]; see also People v Lane, 7 NY3d 888, 889 [2006]). As an alternative holding, the temporal restriction placed on the testimony to the 24 hours prior to the shooting was neither arbitrary nor disproportionate to the purpose of allowing defendant to demonstrate that he did not have guns at his home shortly before the shooting (see People v Williams, 81 NY2d 303, 313 [1993]).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, __ NY3d __, 2024 NY Slip Op 05244 [2024]). There is no basis for disturbing the jury's determinations concerning credibility and identification, even in light of the cooperation agreement for one of the witnesses (see People v Gaccione, 204 AD3d 503, 504 [1st Dept 2022], lv denied 38 NY3d 1188 [2022]). The testimony of the cooperating witness was corroborated by one of the victims, who recognized both defendant and the cooperating witness shortly before being shot while running from them. This was sufficient to connect "defendant with the commission of the crime in such a way as may reasonably satisfy the jury that the accomplice is telling the truth" (People v Reome, 15 NY3d 188, 191-192 [2010]). It was also consistent with the testimony of another witness who stated that he saw two men run away from the victims after the shooting.
We do not find the sentence to be excessive.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2025